# Exhibit A

THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AMALGAMATED TRANSIT UNION LOCAL 1338, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:17-cv-02599 |
| THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT AND JOHN P. GAY, | § § § § | |
| Defendants. | § § | |

## <u>INDEX OF EXHIBITS FILED WITH</u>
## <u>DEFENDANT'S NOTICE OF REMOVAL</u>

Exhibit A-1    State Court Petitions Filed by Plaintiff's Counsel in Unrelated Storm-Damage Lawsuits

Exhibit A-2    Index of All Documents Filed in the State Court Action

        Exhibit A-2-a        Docket Sheet in the State Court Action

        Exhibit A-2-b        Plaintiff's Original Petition
                               Filed:  August 11, 2017

        Exhibit A-2-c        Case Filing Cover Sheet
                               Filed:  August 11, 2017

        Exhibit A-2-d        Request for Service
                               Filed: August 14, 2017

        Exhibit A-2-e        Record of Citation served on Defendant The Travelers Indemnity Company of Connecticut by Certified Mail No. 9214 8901 0661 5400 0111 4048 23
                               Served:  August 23, 2017
                               Filed:  August 25, 2017

        Exhibit A-2-f        Record of Citation served on Defendant John P. Gay by Certified Mail No. 9214 8901 0661 5400 0111 4050 66
                               Served:  August 25, 2017
                               Filed:  August 28, 2017

Exhibit A-2-g        Defendants' Original Answer and Affirmative Defense to Plaintiff's
                     Original Petition
                     Filed: September 18, 2017

Exhibit A-2-h        Defendants' First Amended Answer and Affirmative Defense to
                     Plaintiff's Original Petition
                     Filed: September 22, 2017

Exhibit A-3    Defendant The Travelers Indemnity Company of Connecticut's Certificate of
               Interested Persons and Rule 7.1 Disclosure Statement

# Exhibit A-1

# Exhibit A-1-a

FILED
TARRANT COUNTY
4/29/2015 8:55:43 AM
THOMAS A. WILDER
DISTRICT CLERK

141-278157-15

Cause No. _____

| | | |
|---|---|---|
| BARBARA DAVIE | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | TARRANT COUNTY, TEXAS |
| v. | § | |
| | § | |
| ASI LLOYDS AND AARON REAGAN | § | _____ JUDICIAL DISTRICT |
| | § | |
| *Defendant* | § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Barbara Davie, Plaintiff (hereinafter referred to as "Plaintiff"), and files this Original Petition against Defendants, ASI Lloyds (hereinafter referred to as "ASI") and Aaron Reagan (hereinafter referred to as "Reagan") (to whom will be collectively referred to as "Defendants"), and respectfully would show this court as follows:

### PARTIES

1.     Plaintiff, Barbara Davie, is an individual residing in and/or owning property in Tarrant County, Texas.

2.     Defendant, ASI Lloyds, is an insurance company that engaged in the business of insurance in the State of Texas at all times material to this action.  This defendant may be served by serving its Registered Agent for service of process via certified mail: Rodney D Bucker, 700 North Pearl Street 25th Floor, Dallas, Texas 75201.

3.     Defendant, Aaron Reagan, is an individual residing in and domiciled in the State of Texas. This defendant may be served via certified mail at 4827 Hidden Chestnut Lane, Houston, Texas 77084.

1

141-278157-15

## DISCOVERY LEVEL

4.      Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

## JURISDICTION

5.      The Court has jurisdiction over this controversy because the damages are within the jurisdictional limits of this court. Plaintiff is seeking monetary relief over $200,000 but not more than $1,000,000. Plaintiff reserves the right to amend this petition during and/or after the discovery process.

6.      The Court has jurisdiction over Defendant, ASI, because this defendant engaged in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of defendant's business activities in the State of Texas.

7.      The Court has jurisdiction over Defendant, Reagan, because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of defendant's business activities in the State of Texas.

## VENUE

8.      Venue is proper in Tarrant County, Texas, because the insured property is situated in Tarrant County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

9.      Plaintiff is the owner of a property insurance policy ("the Policy") issued by ASI.

10.     Plaintiff owns the insured property located at 3249 Kathy Lane (hereinafter referred to as "the Property"). ASI sold the Policy insuring the Property to Plaintiff.

141-278157-15

11.     On or about October 02, 2014, a hail storm and/or windstorm struck Tarrant County, Texas, causing severe damage to homes and businesses throughout the region ("the Storm") including the Property. The Storm damaged the Property including extensive damage to Plaintiff's roof.

12.     Plaintiff subsequently submitted a claim to ASI for the damage the Property sustained as a result of the Storm. Plaintiff requested that ASI cover the cost of repairs, including but not limited to, replacement of the roof pursuant to the property.

13.     Defendant ASI assigned Reagan as the individual adjuster ("the adjuster") on the claim. The adjuster was improperly trained and failed to perform a thorough investigation of the claim spending an inadequate amount of time inspecting Plaintiff's property. The adjuster conducted a substandard inspection of Plaintiff's Property evidenced by the adjuster's report, which failed to include all of Plaintiff's storm damages noted upon inspection. The damages the adjuster included in the report were grossly undervalued and did not allow for adequate funds to cover the cost of repairs to all the damages sustained.

14.     ASI and its personnel failed to thoroughly review and properly supervise the work of their assigned adjusters which ultimately led to the approving an improper adjustment and an inadequately unfair settlement of Plaintiff's claim. As a result of Defendants' wrongful acts and omissions set forth above and further described herein, Plaintiff was wrongfully denied on the claim and has suffered damages.

15.     Together, Defendants set about to deny and/or underpay on properly covered damages. Defendants failed to provide full coverage for the damages sustained by Plaintiff and under-scoped Plaintiff's damages, thereby denying adequate and sufficient payment on Plaintiff's claim. As a result of Defendants' unreasonable investigation, Plaintiff's claim was improperly adjusted, and Plaintiff was wrongfully denied on the claim and has suffered damages. The mishandling of

141-278157-15

Plaintiff's claim has also caused a delay in Plaintiff's ability to fully repair the Property, which has resulted in additional damages. To this date, Plaintiff has yet to receive the full payment that he is entitled to under the Policy.

16. As detailed in the paragraphs below, ASI wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

17. To date, ASI continues to delay in the payment for the damages to the Property. As such, Plaintiff has not been paid in full for the damages to the Property.

18. Defendant ASI failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. ASI's conduct constitutes a breach of the insurance contract between ASI and Plaintiff.

19. Defendants misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(1).

20. Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.0060(a)(2)(A).

141-278157-15

21.     Defendants failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(3).

22.     Defendants failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(4).

23.     Defendants refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's claim on the Property. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(7).

24.     Defendant ASI failed to meets it obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim. ASI's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.055.

5

141-278157-15

25.    Defendant ASI failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. ASI's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.056.

26.    Defendant ASI failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for the claim. ASI's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.058.

27.    From and after the time Plaintiff's claim was presented to Defendant ASI, the liability of ASI to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, ASI has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. ASI's conduct constitutes a breach of the common law duty of good faith and fair dealing.

28.    Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

29.    As a result of Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

## CAUSES OF ACTION

30.    Each of the foregoing paragraphs is incorporated by reference in the following:

### I.    Causes of Action Against Reagan

31.    ASI assigned Reagan to adjust this claim. Reagan was improperly trained and performed an outcome oriented and unreasonable investigation of Plaintiff's damages. Reagan did not

6

141-278157-15

properly assess all damages caused by the Storm and omitted covered damages from the report including the full extent of damage to the roof. Reagan refused to fully compensate Plaintiff for the full amount Plaintiff is entitled under the Policy. The outcome oriented investigation of Plaintiff's claim resulted in a biased evaluation of Plaintiff's damages to the Property and the estimated damages were severely underestimated.

     A.    **Noncompliance with Texas Insurance Code: Unfair Settlement Practices**

32.    Defendant Reagan's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a). All violations under this article are made actionable by TEX. INS. CODE § 541.151.

33.    Defendant Reagan is individually liable for his unfair and deceptive acts, irrespective of the fact Reagan was acting on behalf of ASI, because Reagan is a "person" as defined by TEX. INS. CODE § 541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster or life and health insurance counselor." TEX. INS. CODE § 541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W. 2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

34.    Defendants' misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages; (2) stating that Plaintiff's damages were less severe than they in fact were; (3) using their own statements about the non-severity of the damages as a basis for denying properly covered damages

7

141-278157-15

and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiff received.  Defendant Reagan's unfair settlement practices, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060 (a)(1).

35.    Defendant Reagan's  unfair settlement practices, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE § 541.060(a)(2)(A).

36.    Defendant Reagan failed to explain to Plaintiff the reasons for the offer or offers of an inadequate settlement.    Specifically, Defendant Reagan failed to offer Plaintiff adequate compensation without any explanation as to why full payment was not being made.  Furthermore, Defendant Reagan did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor was there any explanation for the failure as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(3).

37.    Defendant Reagan's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(4).

141-278157-15

38.   Defendant Reagan did not properly inspect the Property and failed to account for and/or undervalued Plaintiff's roof damage, although reported by Plaintiff to ASI. Defendant Reagan's unfair settlement practices, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition, and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(7).

II.   **Causes of Action Against ASI**

39.   ASI intentionally breached its contract with Plaintiff, intentionally violated the Texas Insurance Code and intentionally breached the common law duty of good faith and fair dealing.

A.   **Breach of Contract**

40.   ASI breached the contract of insurance it had with Plaintiff. ASI breached the contract by its failure/and or refusal to adequately pay the claim as it is obligated to do under the terms of the Policy in question and under the laws in the State of Texas.

B.   **Noncompliance with Texas Insurance Code: Unfair Settlement Practices**

41.   Defendant ASI's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a). All violations under this article were made actionable by TEX. INS. CODE § 541.151.

42.   Defendant ASI's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 5410.060(a)(1).

43.   Defendant ASI's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though ASI's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an

9

141-278157-15

unfair and deceptive act or practice in the business of insurance.    TEX. INS. CODE §
541.060(a)(2)(A).

44.    Defendant ASI's unfair settlement practice, as described above, of failing to promptly

provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or

applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method

of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS.

CODE § 541.060(a)(3).

45.    Defendant ASI's unfair settlement practices, as described above, of failing within a

reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of

rights to Plaintiff, constitutes an unfair method of compensation and an unfair and deceptive act or

practice in the business of insurance.  TEX. INS. CODE § 541.060(a)(4).

46.    Defendant ASI's unfair settlement practice, as described above, of refusing to pay

Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of

competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS.

CODE § 541.060(a)(7).

          C.    **Noncompliance with Texas Insurance Code:  Prompt Payment of Claims
                Statute**

47.    Plaintiff is entitled to 18% interest and attorney fees under TEX. INS. CODE §542.060 for

violating the Texas Insurance Code, Prompt Payment of claims TEX. INS. CODE §542.051 *et. seq.*

48.    ASI failed to acknowledge receipt of Plaintiff's claim, commence investigation of the

claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would

be required within the applicable time constraints under TEX. INS. CODE §542.055.

141-278157-15

49.     ASI failed to notify Plaintiff in writing of its acceptance or rejection of the claim within applicable time constraints under TEX. INS. CODE §542.056.

50.     ASI delayed the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for under TEX. INS. CODE §542.058.

**D.     Breach of the Duty of Good Faith and Fair Dealing**

51.     ASI breached the duty of good faith and fair dealing by failing to adequately and reasonably investigate and evaluate Plaintiff's claim while it knew or should have known, by the exercise of reasonable diligence, that its liability was reasonably clear.

**E.     Knowledge**

52.     Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code.

**DAMAGES**

53.     Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

54.     The damages caused by the hail storm and/or windstorm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff.   These damages are a direct result of Defendants' mishandling of Plaintiff's claim in violation of the laws set forth above.

55.     For breach of contract, Plaintiff are entitled to regain the benefit of their bargain, which is the amount of his claim, together with attorney's fees.

56.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid

11

141-278157-15

pursuant to the policy, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff ask for three times their actual damages. TEX. INS. CODE § 541.152.

57.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of the claim, as well as 18% (eighteen percent) interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE § 542.060.

58.     For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional stress.

59.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas

## JURY DEMAND

60.     Plaintiff hereby demands a trial by jury and tender the appropriate fee.

## DISCOVERY REQUESTS

61.     Pursuant to Texas Rules of Civil Procedure 194, Plaintiff requests that each Defendant disclose, within 30 days of service of this request, the information or materials described in Texas Rule of Civil Procedure 194.2(a)-(l).

62.     Defendants are requested to respond to the attached interrogatories and requests for production within fifty (50) days.

12

141-278157-15

## PRAYER

63.     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this court site Defendants

to appear and answer herein and that Plaintiff has judgment taken against Defendants and recovers

from Defendants all damages allowed by law, and that Plaintiff be awarded attorneys' fees for trial

and any appeal of this case, for pre-judgment and post judgment interest as allowed by law, costs

of court, and such other and further relief, both general and special, at law or in equity, to which

Plaintiff is justly entitled.

Respectfully submitted,

THE POTTS LAW FIRM, LLP

**Matthew J. Worrall**
SBN: 24070883
**William H. Barfield**
SBN: 24031725
**Andrew A. Woellner**
SBN: 24060850
100 Waugh Drive, Suite 350
Houston, Texas 77007
Telephone (713) 963-8881
Facsimile (713) 574-2938
Emails: mworrall@potts-law.com
          wbarfield@potts-law.com
          awoellner@potts-law.com

**ATTORNEYS FOR PLAINTIFF**

13

# Exhibit A-1-b

FILED
TARRANT COUNTY
11/23/2015 4:02:49 PM
THOMAS A. WILDER
DISTRICT CLERK

Cause No. 017-282488-15 _____

| | | |
|---|---|---|
| CRAIG BRASFIELD | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | TARRANT COUNTY, TEXAS |
| | § | |
| ASI LLOYDS AND JAMES KAUFMAN | § | _____ JUDICIAL DISTRICT |
| | § | |
| *Defendant* | § | |
| | § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Craig Brasfield, Plaintiff (hereinafter referred to as "Plaintiff"), and file this Original Petition against Defendants, ASI Lloyds ("ASI") and James Kaufman ("Kaufman") (to whom will be collectively referred to as "Defendants"), and respectfully would show this court as follows:

### PARTIES

1.      Plaintiff, Craig Brasfield, is an individual residing in and/or owning property in Tarrant County, Texas.

2.      Defendant, ASI, is an insurance company that engaged in the business of insurance in the State of Texas at all times material to this action.  This defendant may be served by serving its Registered Agent for service of process: Rodney D. Bucker, 700 North Pearl Street, 25th Floor, Dallas, Texas 75201-2825, by certified mail, return receipt requested.

1

017-282488-15

3.    Defendant, James Kaufman, is an individual residing in and domiciled in the State of Texas.  This defendant may be served via certified mail, return receipt requested at PO Box 341475, Lakeway, Texas 78734.

### DISCOVERY LEVEL

4.    Plaintiff intends for discovery to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

### JURISDICTION

5.    The Court has jurisdiction over this controversy because the damages are within the jurisdictional limits of this court.  Plaintiff is seeking monetary relief over $200,000 but not more than $1,000,000.  Plaintiff reserves the right to amend this petition during and/or after the discovery process.

6.    The Court has jurisdiction over Defendant, ASI, because this defendant engaged in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of defendant's business activities in the State of Texas.

7.    The Court has jurisdiction over Defendant, Kaufman, because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of defendant's business activities in the State of Texas.

### VENUE

8.    Venue is proper in Tarrant County, Texas, because the insured property is situated in Tarrant County, Texas.  TEX. CIV. PRAC. & REM. CODE § 15.032.

### FACTS

9.    Plaintiff is the owner of a property insurance policy ("the Policy") issued by ASI.

2

017-282488-15

10.    Plaintiff owns the insured property located at 2000 Marie Weldon Lane, in Tarrant County (hereinafter referred to as "the Property"). ASI sold the Policy insuring the Property to Plaintiff.

11.    On or about August 17, 2014, a hail storm and/or windstorm struck Tarrant County, Texas, causing severe damage to homes and businesses throughout the region ("the Storm") including the Property. The Storm damaged the Property including extensive damage to Plaintiff's roof.

12.    Plaintiff subsequently submitted a claim to ASI for the damage the Property sustained as a result of the Storm. Plaintiff requested that ASI cover the cost of repairs, including but not limited to, replacement of the roof pursuant to the property.

13.    Defendant ASI assigned Kaufman as the individual adjuster ("the adjuster") on the claim. The adjuster was improperly trained and failed to perform a thorough investigation of the claim spending an inadequate amount of time inspecting Plaintiff's property. The adjuster conducted a substandard inspection of Plaintiff's Property evidenced by the adjuster's report, which failed to include all of Plaintiff's storm damages noted upon inspection. The damages the adjuster included in the report were grossly undervalued and did not allow for adequate funds to cover the cost of repairs to all the damages sustained.

14.    ASI and its personnel failed to thoroughly review and properly supervise the work of their assigned adjusters which ultimately led to the approving an improper adjustment and an inadequately unfair settlement of Plaintiff's claim. As a result of Defendants' wrongful acts and omissions set forth above and further described herein, Plaintiff was wrongfully denied on the claim and has suffered damages.

15.    Together, Defendants set about to deny and/or underpay on properly covered damages. Defendants failed to provide full coverage for the damages sustained by Plaintiff and under-scoped

3

Case 3:17-cv-02599-C   Document 1-3   Filed 09/22/17   Page 23 of 207   PageID 37
Case 4:15-cv-00952-Y   Document 1-5   Filed 12/15/15   Page 6 of 51   PageID 19
017-282488-15

Plaintiff's damages, thereby denying adequate and sufficient payment on Plaintiff's claim. As a result of Defendants' unreasonable investigation, Plaintiff's claim was improperly adjusted, and Plaintiff was wrongfully denied on the claim and has suffered damages. The mishandling of Plaintiff's claim has also caused a delay in Plaintiff's ability to fully repair the Property, which has resulted in additional damages. To this date, Plaintiff has yet to receive the full payment that he is entitled to under the Policy.

16.     As detailed in the paragraphs below, ASI wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

17.     To date, ASI continues to delay in the payment for the damages to the Property. As such, Plaintiff has not been paid in full for the damages to the Property.

18.     Defendant ASI failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. ASI's conduct constitutes a breach of the insurance contract between ASI and Plaintiff.

19.     Defendants misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(1).

20.     Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although

4

Case 3:17-cv-02599-C   Document 1-3   Filed 09/22/17   Page 24 of 207   PageID 38
Case 4:15-cv-00952-Y   Document 1-5   Filed 12/15/15   Page 7 of 51   PageID 20
017-282488-15

they were aware of their liability to Plaintiff under the Policy. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.0060(a)(2)(A).

21.   Defendants failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(3).

22.   Defendants failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(4).

23.   Defendants refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's claim on the Property. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(7).

24.   Defendant ASI failed to meets it obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and

017-282488-15

requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim. ASI's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.055.

25.     Defendant ASI failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. ASI's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.056.

26.     Defendant ASI failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for the claim. ASI's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.058.

27.     From and after the time Plaintiff's claim was presented to Defendant ASI, the liability of ASI to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, ASI has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. ASI's conduct constitutes a breach of the common law duty of good faith and fair dealing.

28.     Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

29.     As a result of Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

30.     Plaintiff's experience is not an isolated case. The acts and omissions ASI committed in

6

Case 3:17-cv-02599-C   Document 1-3   Filed 09/22/17   Page 26 of 207   PageID 40
Case 4:15-cv-00952-Y   Document 1-5   Filed 12/15/15   Page 9 of 51   PageID 22

017-282488-15

this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of ASI with regard to handling these types of claims. ASI's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## CAUSES OF ACTION

31.    Each of the foregoing paragraphs is incorporated by reference in the following:

### I.    Causes of Action Against Kaufman

32.    ASI assigned Kaufman to adjust this claim. Kaufman was improperly trained and performed an outcome oriented and unreasonable investigation of Plaintiff's damages. Kaufman did not properly assess all damages caused by the Storm and omitted covered damages from the report including the full extent of damage to the roof. Kaufman refused to fully compensate Plaintiff for the full amount Plaintiff is entitled under the Policy. The outcome oriented investigation of Plaintiff's claim resulted in a biased evaluation of Plaintiff's damages to the Property and the estimated damages were severely underestimated.

### A.    Noncompliance with Texas Insurance Code: Unfair Settlement Practices

33.    Defendant Kaufman's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a). All violations under this article are made actionable by TEX. INS. CODE § 541.151.

34.    Defendant Kaufman is individually liable for his unfair and deceptive acts, irrespective of the fact Kaufman was acting on behalf of ASI, because Kaufman is a "person" as defined by TEX. INS. CODE § 541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster or life and

7

Case 3:17-cv-02599-C   Document 1-3   Filed 09/22/17   Page 27 of 207   PageID 41
Case 4:15-cv-00952-Y   Document 1-5   Filed 12/15/15   Page 10 of 51   PageID 23

017-282488-15

health insurance counselor." TEX. INS. CODE § 541.002(2) (emphasis added). (See also *Liberty*

*Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W. 2d 482, 484 (Tex. 1998) (holding

an insurance company employee to be a "person" for the purpose of bringing a cause of action

against him or her under the Texas Insurance Code and subjecting him or her to individual

liability)).

35.     Defendants' misrepresentations by means of deceptive conduct include, but are not limited

to: (1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages; (2)

stating that Plaintiff's damages were less severe than they in fact were; (3) using their own

statements about the non-severity of the damages as a basis for denying properly covered damages

and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate

compensation Plaintiff received. Defendant Kaufman's unfair settlement practices, as described

above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes

an unfair method of competition and an unfair and deceptive act or practice in the business of

insurance. TEX. INS. CODE § 541.060 (a)(1).

36.     Defendant Kaufman's unfair settlement practices, as described above, of failing to attempt

in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though

liability under the Policy is reasonably clear, constitutes an unfair method of competition and an

unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §

541.060(a)(2)(A).

37.     Defendant Kaufman failed to explain to Plaintiff the reasons for the offer or offers of an

inadequate settlement. Specifically, Defendant Kaufman failed to offer Plaintiff adequate

compensation without any explanation as to why full payment was not being made. Furthermore,

8

Case 3:17-cv-02599-C   Document 1-3   Filed 09/22/17   Page 28 of 207   PageID 42
Case 4:15-cv-00952-Y   Document 1-5   Filed 12/15/15   Page 11 of 51   PageID 24
017-282488-15

Defendant Kaufman did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor was there any explanation for the failure as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(3).

38.     Defendant Kaufman's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(4).

39.     Defendant Kaufman did not properly inspect the Property and failed to account for and/or undervalued Plaintiff's roof damage, although reported by Plaintiff to ASI. Defendant Kaufman's unfair settlement practices, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition, and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(7).

## II.     Causes of Action Against ASI

40.     ASI intentionally breached its contract with Plaintiff, intentionally violated the Texas Insurance Code and intentionally breached the common law duty of good faith and fair dealing.

### A.     Breach of Contract

41.     ASI breached the contract of insurance it had with Plaintiff. ASI breached the contract by its failure/and or refusal to adequately pay the claim as it is obligated to do under the terms of the Policy in question and under the laws in the State of Texas.

9

Case 3:17-cv-02599-C   Document 1-3   Filed 09/22/17   Page 29 of 207   PageID 43
Case 4:15-cv-00952-Y   Document 1-5   Filed 12/15/15   Page 12 of 51   PageID 25
017-282488-15

**B.      Noncompliance with Texas Insurance Code:  Unfair Settlement Practices**

42.     Defendant ASI's conduct constitutes multiple violations of the Texas Insurance Code,
Unfair Settlement Practices.  TEX. INS. CODE § 541.060(a).  All violations under this article were
made actionable by TEX. INS. CODE § 541.151.

43.     Defendant ASI's unfair settlement practice, as described above, of misrepresenting to
Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition
and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §
5410.060(a)(1).

44.     Defendant ASI's unfair settlement practice, as described above, of failing to attempt in
good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though ASI's
liability under the Policy was reasonably clear, constitutes an unfair method of competition and an
unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §
541.060(a)(2)(A).

45.     Defendant ASI's unfair settlement practice, as described above, of failing to promptly
provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or
applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method
of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS.
CODE § 541.060(a)(3).

46.     Defendant ASI's unfair settlement practices, as described above, of failing within a
reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of
rights to Plaintiff, constitutes an unfair method of compensation and an unfair and deceptive act or
practice in the business of insurance.  TEX. INS. CODE § 541.060(a)(4).

10

Case 3:17-cv-02599-C  Document 1-3  Filed 09/22/17  Page 30 of 207  PageID 44
Case 4:15-cv-00952-Y  Document 1-5  Filed 12/15/15  Page 13 of 51  PageID 26
017-282488-15

47.    Defendant ASI's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(7).

### C.    Noncompliance with Texas Insurance Code:  Prompt Payment of Claims Statute

48.    Plaintiff is entitled to 18% interest and attorney fees under TEX. INS. CODE §542.060 for violating the Texas Insurance Code, Prompt Payment of claims TEX. INS. CODE §542.051 *et. seq.*

49.    ASI failed to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints under TEX. INS. CODE §542.055.

50.    ASI failed to notify Plaintiff in writing of its acceptance or rejection of the claim within applicable time constraints under TEX. INS. CODE §542.056.

51.    ASI delayed the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for under TEX. INS. CODE §542.058.

### D.    Breach of the Duty of Good Faith and Fair Dealing

52.    ASI breached the duty of good faith and fair dealing by failing to adequately and reasonably investigate and evaluate Plaintiff's claim while it knew or should have known, by the exercise of reasonable diligence, that its liability was reasonably clear.

017-282488-15

**E.    Knowledge**

53.    Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code.

## DAMAGES

54.    Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

55.    The damages caused by the hail storm and/or windstorm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff.   These damages are a direct result of Defendants' mishandling of Plaintiff's claim in violation of the laws set forth above.

56.    For breach of contract, Plaintiff are entitled to regain the benefit of their bargain, which is the amount of his claim, together with attorney's fees.

57.    For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs, and attorney's fees.   For knowing conduct of the acts described above, Plaintiff ask for three times their actual damages. TEX. INS. CODE § 541.152.

58.    For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of the claim, as well as 18% (eighteen percent) interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE § 542.060.

59.    For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer

017-282488-15

owed, exemplary damages and damages for emotional stress.

60.      For the prosecution and collection of this claim, Plaintiff has been compelled to engage the

services of the attorney whose name is subscribed to this pleading.  Therefore, Plaintiff is entitled

to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation

and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of

Texas

## JURY DEMAND

61.      Plaintiff hereby demands a trial by jury and tender the appropriate fee.

## DISCOVERY REQUESTS

62.      Pursuant to Texas Rules of Civil Procedure 194, Plaintiff requests that each Defendant

disclose, within 30 days of service of this request, the information or materials described in Texas

Rule of Civil Procedure 194.2(a)-(l).

63.      Defendants are requested to respond to the attached interrogatories and requests for

production within fifty (50) days.

## PRAYER

64.      WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this court site Defendants

to appear and answer herein and that Plaintiff has judgment taken against Defendants and recovers

from Defendants all damages allowed by law, and that Plaintiff be awarded attorneys' fees for trial

and any appeal of this case, for pre-judgment and post judgment interest as allowed by law, costs

of court, and such other and further relief, both general and special, at law or in equity, to which

Plaintiff is justly entitled.

13

017-282488-15

Respectfully submitted,

THE POTTS LAW FIRM, LLP

By:     */s/ Matthew J. Worrall*
        **Matthew J. Worrall**
        SBN: 24070883
        **William H. Barfield**
        SBN: 24031725
        **Andrew A. Woellner**
        SBN: 24060850
        100 Waugh Drive, Suite 350
        Houston, Texas 77007
        Telephone (713) 963-8881
        Facsimile (713) 574-2938
        Emails: mworrall@potts-law.com
                wbarfield@potts-law.com
                awoellner@potts-law.com

**ATTORNEYS FOR PLAINTIFF**

14

# Exhibit A-1-c

FILED
TARRANT COUNTY
1/21/2016 2:01:52 PM
THOMAS A. WILDER
DISTRICT CLERK

Cause No. ___153-283381-16___

| | | |
|---|---|---|
| JUAN MEDINA | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | TARRANT COUNTY, TEXAS |
| | § | |
| | § | |
| ALLSTATE TEXAS LLOYDS AND | § | _____ JUDICIAL DISTRICT |
| ROBERT GRAHAM FORD | § | |
| | § | |
| *Defendant* | § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Juan Medina, Plaintiff (hereinafter referred to as "Plaintiff"), and file this Original Petition against Defendants, Allstate Texas Lloyds ("Allstate") and Robert Graham Ford ("Ford") (to whom will be collectively referred to as "Defendants"), and respectfully would show this court as follows:

### PARTIES

1. Plaintiff, Juan Medina, is an individual residing in and/or owning property in Tarrant County, Texas.

2. Defendant, Allstate, is an insurance company that engaged in the business of insurance in the State of Texas at all times material to this action. This defendant may be served by serving its Registered Agent for service of process: C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX, 75201, via certified mail, return receipt requested.

1

153-283381-16

3.      Defendant, Robert Graham Ford, is an individual residing in and domiciled in the State of Texas.  This defendant may be served via certified mail, return receipt requested, at 5875 Silver Creek Azle Road, Azle, Texas 76020.

## DISCOVERY LEVEL

4.      Plaintiff intends for discovery to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

## JURISDICTION

5.      The Court has jurisdiction over this controversy because the damages are within the jurisdictional limits of this court.  Plaintiff is seeking monetary relief over $200,000 but not more than $1,000,000.  Plaintiff reserves the right to amend this petition during and/or after the discovery process.

6.      The Court has jurisdiction over Defendant, Allstate, because this defendant engaged in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of defendant's business activities in the State of Texas.

7.      The Court has jurisdiction over Defendant, Ford, because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of defendant's business activities in the State of Texas.

## VENUE

8.      Venue is proper in Tarrant County, Texas, because the insured property is situated in Tarrant County, Texas.  TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

9.      Plaintiff is the owner of a property insurance policy ("the Policy") issued by Allstate.

2

153-283381-16

10.     Plaintiff owns the insured property located at 2406 Greenway Street, in Tarrant County (hereinafter referred to as "the Property").   Allstate sold the Policy insuring the Property to Plaintiff.

11.     On or about May 27, 2015, a hail storm and/or windstorm struck Tarrant County, Texas, causing severe damage to homes and businesses throughout the region ("the Storm") including the Property.  The Storm damaged the Property including extensive damage to Plaintiff's roof.

12.     Plaintiff subsequently submitted a claim to Allstate for the damage the Property sustained as a result of the Storm.  Plaintiff requested that Allstate cover the cost of repairs, including but not limited to, replacement of the roof pursuant to the property.

13.     Defendant Allstate assigned Ford as the individual adjuster ("the adjuster") on the claim. The adjuster was improperly trained and failed to perform a thorough investigation of the claim spending an inadequate amount of time inspecting Plaintiff's property.  The adjuster conducted a substandard inspection of Plaintiff's Property evidenced by the adjuster's report, which failed to include all of Plaintiff's storm damages noted upon inspection.  The damages the adjuster included in the report were grossly undervalued and did not allow for adequate funds to cover the cost of repairs to all the damages sustained.

14.     Allstate and its personnel failed to thoroughly review and properly supervise the work of their assigned adjusters which ultimately led to the approving an improper adjustment and an inadequately unfair settlement of Plaintiff's claim.  As a result of Defendants' wrongful acts and omissions set forth above and further described herein, Plaintiff was wrongfully denied on the claim and has suffered damages.

15.     Together, Defendants set about to deny and/or underpay on properly covered damages.

3

153-283381-16

Defendants failed to provide full coverage for the damages sustained by Plaintiff and under-scoped Plaintiff's damages, thereby denying adequate and sufficient payment on Plaintiff's claim. As a result of Defendants' unreasonable investigation, Plaintiff's claim was improperly adjusted, and Plaintiff was wrongfully denied on the claim and has suffered damages. The mishandling of Plaintiff's claim has also caused a delay in Plaintiff's ability to fully repair the Property, which has resulted in additional damages. To this date, Plaintiff has yet to receive the full payment that he is entitled to under the Policy.

16.     As detailed in the paragraphs below, Allstate wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

17.     To date, Allstate continues to delay in the payment for the damages to the Property. As such, Plaintiff has not been paid in full for the damages to the Property.

18.     Defendant Allstate failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Allstate's conduct constitutes a breach of the insurance contract between Allstate and Plaintiff.

19.     Defendants misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(1).

4

153-283381-16

20.     Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although

they were aware of their liability to Plaintiff under the Policy.  Defendants' conduct constitutes a

violation of the Texas Insurance Code, Unfair Settlement Practices.   TEX. INS. CODE §

541.0060(a)(2)(A).

21.     Defendants failed to explain to Plaintiff the reasons for their offer of an inadequate

settlement.  Specifically, Defendants failed to offer Plaintiff adequate compensation, without any

explanation why full payment was not being made.  Furthermore, Defendants did not communicate

that any future settlements or payments would be forthcoming to pay for the entire losses covered

under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's

claim.  Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement

Practices.  TEX. INS. CODE § 541.060(a)(3).

22.     Defendants failed to affirm or deny coverage of Plaintiff's claim within a reasonable time.

Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the

full and entire claim, in writing from Defendants.  Defendants' conduct constitutes a violation of

the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE § 541.060(a)(4).

23.     Defendants refused to fully compensate Plaintiff, under the terms of the Policy, even

though Defendants failed to conduct a reasonable investigation.   Specifically, Defendants

performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased,

unfair, and inequitable evaluation of Plaintiff's claim on the Property.  Defendants' conduct

constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE

§ 541.060(a)(7).

24.     Defendant Allstate failed to meets it obligations under the Texas Insurance Code regarding

5

153-283381-16

timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.055.

25.     Defendant Allstate failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.056.

26.     Defendant Allstate failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for the claim. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.058.

27.     From and after the time Plaintiff's claim was presented to Defendant Allstate, the liability of Allstate to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Allstate has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing.

28.     Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

29.     As a result of Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

6

153-283381-16

30.     Plaintiff's experience is not an isolated case.  The acts and omissions Allstate committed

in this case, or similar acts and omissions, occur with such frequency that they constitute a general

business practice of Allstate with regard to handling these types of claims.  Allstate's entire process

is unfairly designed to reach favorable outcomes for the company at the expense of the

policyholders.

## CAUSES OF ACTION

31.     Each of the foregoing paragraphs is incorporated by reference in the following:

### I.      Causes of Action Against Ford

32.     Allstate assigned Ford to adjust this claim.  Ford was improperly trained and performed an

outcome oriented and unreasonable investigation of Plaintiff's damages.  Ford did not properly

assess all damages caused by the Storm and omitted covered damages from the report including

the full extent of damage to the roof.  Ford refused to fully compensate Plaintiff for the full amount

Plaintiff is entitled under the Policy.  The outcome oriented investigation of Plaintiff's claim

resulted in a biased evaluation of Plaintiff's damages to the Property and the estimated damages

were severely underestimated.

### A.      Noncompliance with Texas Insurance Code:  Unfair Settlement Practices

33.     Defendant Ford's conduct constitutes multiple violations of the Texas Insurance Code,

Unfair Settlement Practices.  TEX. INS. CODE § 541.060(a).  All violations under this article are

made actionable by TEX. INS. CODE § 541.151.

34.     Defendant Ford is individually liable for his unfair and deceptive acts, irrespective of the

fact Ford was acting on behalf of Allstate, because Ford is a "person" as defined by TEX. INS. CODE

§ 541.002(2).  The term "person" is defined as "any individual, corporation, association,

7

153-283381-16

partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster or life and health insurance counselor." TEX. INS. CODE § 541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W. 2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

35.     Defendants' misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages; (2) stating that Plaintiff's damages were less severe than they in fact were; (3) using their own statements about the non-severity of the damages as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiff received. Defendant Ford's unfair settlement practices, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060 (a)(1).

36.     Defendant Ford's unfair settlement practices, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(2)(A).

37.     Defendant Ford failed to explain to Plaintiff the reasons for the offer or offers of an inadequate settlement.     Specifically, Defendant Ford failed to offer Plaintiff adequate

8

153-283381-16

compensation without any explanation as to why full payment was not being made. Furthermore, Defendant Ford did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor was there any explanation for the failure as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(3).

38.     Defendant Ford's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(4).

39.     Defendant Ford did not properly inspect the Property and failed to account for and/or undervalued Plaintiff's roof damage, although reported by Plaintiff to Allstate. Defendant Ford's unfair settlement practices, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition, and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(7).

II.     **Causes of Action Against Allstate**

40.     Allstate intentionally breached its contract with Plaintiff, intentionally violated the Texas Insurance Code and intentionally breached the common law duty of good faith and fair dealing.

A.      **Breach of Contract**

41.     Allstate breached the contract of insurance it had with Plaintiff. Allstate breached the contract by its failure/and or refusal to adequately pay the claim as it is obligated to do under the

153-283381-16

terms of the Policy in question and under the laws in the State of Texas.

### B.   Noncompliance with Texas Insurance Code: Unfair Settlement Practices

42.    Defendant Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a). All violations under this article were made actionable by TEX. INS. CODE § 541.151.

43.    Defendant Allstate's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 5410.060(a)(1).

44.    Defendant Allstate's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Allstate's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(2)(A).

45.    Defendant Allstate's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(3).

46.    Defendant Allstate's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of

153-283381-16

rights to Plaintiff, constitutes an unfair method of compensation and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(4).

47.      Defendant Allstate's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(7).

      **C.      Noncompliance with Texas Insurance Code:   Prompt Payment of Claims Statute**

48.      Plaintiff is entitled to 18% interest and attorney fees under TEX. INS. CODE §542.060 for violating the Texas Insurance Code, Prompt Payment of claims TEX. INS. CODE §542.051 *et. seq.*

49.      Allstate failed to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints under TEX. INS. CODE §542.055.

50.      Allstate failed to notify Plaintiff in writing of its acceptance or rejection of the claim within applicable time constraints under TEX. INS. CODE §542.056.

51.      Allstate delayed the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for under TEX. INS. CODE §542.058.

      **D.      Breach of the Duty of Good Faith and Fair Dealing**

52.      Allstate breached the duty of good faith and fair dealing by failing to adequately and reasonably investigate and evaluate Plaintiff's claim while it knew or should have known, by the exercise of reasonable diligence, that its liability was reasonably clear.

11

153-283381-16

**E.     Knowledge**

53.     Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code.

## DAMAGES

54.     Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

55.     The damages caused by the hail storm and/or windstorm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff.   These damages are a direct result of Defendants' mishandling of Plaintiff's claim in violation of the laws set forth above.

56.     For breach of contract, Plaintiff are entitled to regain the benefit of their bargain, which is the amount of his claim, together with attorney's fees.

57.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff ask for three times their actual damages. TEX. INS. CODE § 541.152.

58.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of the claim, as well as 18% (eighteen percent) interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE § 542.060.

59.     For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer

12

153-283381-16

owed, exemplary damages and damages for emotional stress.

60.      For the prosecution and collection of this claim, Plaintiff has been compelled to engage the

services of the attorney whose name is subscribed to this pleading.  Therefore, Plaintiff is entitled

to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation

and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of

Texas

### JURY DEMAND

61.      Plaintiff hereby demands a trial by jury and tender the appropriate fee.

### DISCOVERY REQUESTS

62.      Pursuant to Texas Rules of Civil Procedure 194, Plaintiff requests that each Defendant

disclose, within 30 days of service of this request, the information or materials described in Texas

Rule of Civil Procedure 194.2(a)-(l).

63.      Defendants are requested to respond to the attached interrogatories and requests for

production within fifty (50) days.

### PRAYER

64.      WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this court site Defendants

to appear and answer herein and that Plaintiff has judgment taken against Defendants and recovers

from Defendants all damages allowed by law, and that Plaintiff be awarded attorneys' fees for trial

and any appeal of this case, for pre-judgment and post judgment interest as allowed by law, costs

of court, and such other and further relief, both general and special, at law or in equity, to which

Plaintiff is justly entitled.

153-283381-16

Respectfully submitted,

**THE POTTS LAW FIRM, LLP**

By:      /s/ Matthew J. Worrall
         **Matthew J. Worrall**
         SBN: 24070883
         **William H. Barfield**
         SBN: 24031725
         **Andrew A. Woellner**
         SBN: 24060850
         100 Waugh Drive, Suite 350
         Houston, Texas 77007
         Telephone (713) 963-8881
         Facsimile (713) 574-2938
         Emails: mworrall@potts-law.com
                    wbarfield@potts-law.com
                    awoellner@potts-law.com

         **ATTORNEYS FOR PLAINTIFF**

14

# Exhibit A-1-d

FILED
DALLAS COUNTY
4/26/2016 3:26:09 PM
FELICIA PITRE
DISTRICT CLERK

Angie Avina

Cause No. DC-16-02295 _____

| | | |
|---|---|---|
| RONNY LUONG | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| | § | |
| THE TRAVELERS LLOYDS INSURANCE | § | _____ JUDICIAL DISTRICT |
| COMPANY AND JASON SPRADLIN | § | |
| *Defendants* | § | |
| | § | |
| | § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Liberty Tech Computer World, Inc., Plaintiff (hereinafter referred to as "Plaintiff"), and file this Original Petition against Defendants, The Travelers Lloyds Insurance Company ("Travelers") and Jason Spradlin ("Spradlin") (to whom will be collectively referred to as "Defendants"), and respectfully would show this court as follows:

### PARTIES

1.      Plaintiff, Liberty Tech Computer World, Inc., is a Texas corporation doing business in and/or owning property in Dallas County, Texas.

2.      Defendant, Travelers, is an insurance company that engaged in the business of insurance in the State of Texas at all times material to this action.  This defendant may be served by serving its Registered Agent for service of process: Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218, by certified mail, return receipt requested.

3.     Defendant, Jason Spradlin, is an individual residing in and domiciled in the State of Texas. This defendant may be served via certified mail, return receipt requested at 332 Forest Grove Drive, Richardson, Texas 75080-1936.

## DISCOVERY LEVEL

4.     Plaintiff intends for discovery to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

## JURISDICTION

5.     The Court has jurisdiction over this controversy because the damages are within the jurisdictional limits of this court.  Plaintiff is seeking monetary relief over $1,000,000.  Plaintiff reserves the right to amend this petition during and/or after the discovery process.

6.     The Court has jurisdiction over Defendant, Travelers, because this defendant engaged in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of defendant's business activities in the State of Texas.

7.     The Court has jurisdiction over Defendant, Unified, because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of defendant's business activities in the State of Texas.

## VENUE

8.     Venue is proper in Dallas County, Texas, because the insured property is situated in Dallas County, Texas.  TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

9.     Plaintiff is the owner of a property insurance policy ("the Policy") issued by Travelers.

10.     Plaintiff owns the insured property located at 3925 Miller Park Drive, Garland, Texas

2

75042 (hereinafter referred to as "the Property").  Travelers sold the Policy insuring the Property to Plaintiff.

11.     A hail storm and/or windstorm struck Dallas County, Texas, causing severe damage to homes and businesses throughout the region ("the Storm") including the Property.  The Storm damaged the Property including extensive damage to Plaintiff's roof, interior, computer equipment and parts.

12.     Plaintiff subsequently submitted a claim to Travelers for the damage the Property sustained as a result of the Storm.  Plaintiff requested that Travelers cover the cost of repairs, including but not limited to, replacement of the roof pursuant to the property and computer components damaged.

13.     Defendant Travelers assigned Spradlin as the individual adjuster ("the adjuster") on the claim.  The adjuster was improperly trained and failed to perform a thorough investigation of the claim spending an inadequate amount of time inspecting Plaintiff's property.  The adjuster conducted a substandard inspection of Plaintiff's Property evidenced by the adjuster's report, which failed to include all of Plaintiff's storm damages noted upon inspection.  The damages the adjuster included in the report were grossly undervalued and did not allow for adequate funds to cover the cost of repairs to all the damages sustained.

14.     Travelers and its personnel failed to thoroughly review and properly supervise the work of their assigned adjusters which ultimately led to the approving an improper adjustment and an inadequately unfair settlement of Plaintiff's claim.  As a result of Defendants' wrongful acts and omissions set forth above and further described herein, Plaintiff was wrongfully denied on the claim and has suffered damages.

15.     Together, Defendants set about to deny and/or underpay on properly covered damages. Defendants failed to provide full coverage for the damages sustained by Plaintiff and under-scoped Plaintiff's damages, thereby denying adequate and sufficient payment on Plaintiff's claim. As a result of Defendants' unreasonable investigation, Plaintiff's claim was improperly adjusted, and Plaintiff was wrongfully denied on the claim and has suffered damages. The mishandling of Plaintiff's claim has also caused a delay in Plaintiff's ability to fully repair the Property, which has resulted in additional damages. To this date, Plaintiff has yet to receive the full payment that it is entitled to under the Policy.

16.     As detailed in the paragraphs below, Travelers wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

17.     To date, Travelers continues to delay in the payment for the damages to the Property. As such, Plaintiff has not been paid in full for the damages to the Property.

18.     Defendant Travelers failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Travelers' conduct constitutes a breach of the insurance contract between Travelers and Plaintiff.

19.     Defendants misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.

4

INS. CODE § 541.060(a)(1).

20.     Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.0060(a)(2)(A).

21.     Defendants failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(3).

22.     Defendants failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(4).

23.     Defendants refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's claim on the Property. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(7).

24.     Defendant Travelers failed to meets it obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim.  Travelers' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE § 542.055.

25.     Defendant Travelers failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information.  Travelers' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE § 542.056.

26.     Defendant Travelers failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay.  Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for the claim. Travelers' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE § 542.058.

27.     From and after the time Plaintiff's claim was presented to Defendant Travelers, the liability of Travelers to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Travelers has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment.  Travelers' conduct constitutes a breach of the common law duty of good faith and fair dealing.

28.     Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

29.     As a result of Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing them with respect to these

6

causes of action.

30.     Plaintiff's experience is not an isolated case.  The acts and omissions Travelers committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Travelers with regard to handling these types of claims.  Travelers' entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## CAUSES OF ACTION

31.     Each of the foregoing paragraphs is incorporated by reference in the following:

### I.     Causes of Action Against Spradlin

32.     Travelers assigned Spradlin to adjust this claim.  Spradlin was improperly trained and performed an outcome oriented and unreasonable investigation of Plaintiff's damages.  Spradlin did not properly assess all damages caused by the Storm and omitted covered damages from the report including the full extent of damage to the roof.  Spradlin refused to fully compensate Plaintiff for the full amount Plaintiff is entitled under the Policy.  The outcome oriented investigation of Plaintiff's claim resulted in a biased evaluation of Plaintiff's damages to the Property and the estimated damages were severely underestimated.

### A.     Noncompliance with Texas Insurance Code:  Unfair Settlement Practices

33.     Defendant Spradlin's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE § 541.060(a).  All violations under this article are made actionable by TEX. INS. CODE § 541.151.

34.     Defendant Spradlin is individually liable for his unfair and deceptive acts, irrespective of the fact Spradlin was acting on behalf of Travelers, because Spradlin is a "person" as defined by

7

TEX. INS. CODE § 541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster or life and health insurance counselor." TEX. INS. CODE § 541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W. 2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

35.     Defendants' misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages; (2) stating that Plaintiff's damages were less severe than they in fact were; (3) using their own statements about the non-severity of the damages as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiff received. Defendant Spradlin's unfair settlement practices, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060 (a)(1).

36.     Defendant Spradlin's unfair settlement practices, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(2)(A).

8

37.     Defendant Spradlin failed to explain to Plaintiff the reasons for the offer or offers of an inadequate settlement.   Specifically, Defendant Spradlin failed to offer Plaintiff adequate compensation without any explanation as to why full payment was not being made.   Furthermore, Defendant Spradlin did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor was there any explanation for the failure as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(3).

38.     Defendant Spradlin's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(4).

39.     Defendant Spradlin did not properly inspect the Property and failed to account for and/or undervalued Plaintiff's roof damage, although reported by Plaintiff to Travelers.   Defendant Spradlin's unfair settlement practices, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition, and an unfair and deceptive act or practice in the business of insurance.   TEX. INS. CODE § 541.060(a)(7).

## II.     Causes of Action Against Travelers

40.     Travelers intentionally breached its contract with Plaintiff, intentionally violated the Texas Insurance Code and intentionally breached the common law duty of good faith and fair dealing.

9

**A.    Breach of Contract**

41.    Travelers breached the contract of insurance it had with Plaintiff. Travelers breached the contract by its failure/and or refusal to adequately pay the claim as it is obligated to do under the terms of the Policy in question and under the laws in the State of Texas.

**B.    Noncompliance with Texas Insurance Code: Unfair Settlement Practices**

42.    Defendant Travelers' conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a). All violations under this article were made actionable by TEX. INS. CODE § 541.151.

43.    Defendant Travelers' unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 5410.060(a)(1).

44.    Defendant Travelers' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Travelers' liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(2)(A).

45.    Defendant Travelers' unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(3).

10

46.     Defendant Travelers' unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of compensation and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(4).

47.     Defendant Travelers' unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(7).

## C.     Noncompliance with Texas Insurance Code:   Prompt Payment of Claims Statute

48.     Plaintiff is entitled to 18% interest and attorney fees under TEX. INS. CODE §542.060 for violating the Texas Insurance Code, Prompt Payment of claims TEX. INS. CODE §542.051 *et. seq.*

49.     Travelers failed to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints under TEX. INS. CODE §542.055.

50.     Travelers failed to notify Plaintiff in writing of its acceptance or rejection of the claim within applicable time constraints under TEX. INS. CODE §542.056.

51.     Travelers delayed the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for under TEX. INS. CODE §542.058.

## D.     Breach of the Duty of Good Faith and Fair Dealing

52.     Travelers breached the duty of good faith and fair dealing by failing to adequately and reasonably investigate and evaluate Plaintiff's claim while it knew or should have known, by the

11

exercise of reasonable diligence, that its liability was reasonably clear.

**E.    Knowledge**

53.    Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code.

## DAMAGES

54.    Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

55.    The damages caused by the hail storm and/or windstorm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff.   These damages are a direct result of Defendants' mishandling of Plaintiff's claim in violation of the laws set forth above.

56.    For breach of contract, Plaintiff are entitled to regain the benefit of their bargain, which is the amount of his claim, together with attorney's fees.

57.    For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs, and attorney's fees.   For knowing conduct of the acts described above, Plaintiff ask for three times their actual damages.   TEX. INS. CODE § 541.152.

58.    For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of the claim, as well as 18% (eighteen percent) interest per annum on the amount of such claim as damages, together with attorney's fees.   TEX. INS. CODE § 542.060.

59.    For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty,

such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer

owed, exemplary damages and damages for emotional stress.

60.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the

services of the attorney whose name is subscribed to this pleading.  Therefore, Plaintiff is entitled

to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation

and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of

Texas

## JURY DEMAND

61.     Plaintiff hereby demands a trial by jury and tender the appropriate fee.

## DISCOVERY REQUESTS

62.     Pursuant to Texas Rules of Civil Procedure 194, Plaintiff requests that each Defendant

disclose, within 30 days of service of this request, the information or materials described in Texas

Rule of Civil Procedure 194.2(a)-(l).

63.     Defendants are requested to respond to the attached interrogatories and requests for

production within fifty (50) days.

## PRAYER

64.     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this court site Defendants

to appear and answer herein and that Plaintiff has judgment taken against Defendants and recovers

from Defendants all damages allowed by law, and that Plaintiff be awarded attorneys' fees for trial

and any appeal of this case, for pre-judgment and post judgment interest as allowed by law, costs

of court, and such other and further relief, both general and special, at law or in equity, to which

Plaintiff is justly entitled.

13

Respectfully submitted,

THE POTTS LAW FIRM, LLP

By:     /s/ Matthew J. Worrall
        **Matthew J. Worrall**
        SBN: 24070883
        **William H. Barfield**
        SBN: 24031725
        **Andrew A. Woellner**
        SBN: 24060850
        100 Waugh Drive, Suite 350
        Houston, Texas 77007
        Telephone (713) 963-8881
        Facsimile (713) 574-2938
        Emails: mworrall@potts-law.com
                wbarfield@potts-law.com
                awoellner@potts-law.com

        **ATTORNEYS FOR PLAINTIFF**

14

## PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION

COMES NOW Plaintiff, in the above-styled and numbered cause, and requests that Defendant(s) answer the following Interrogatories and Requests for Production separately and fully in writing pursuant to the Texas Rules of Civil Procedure within 50 days of service. Serve answers to the requests on Plaintiff by and through his/her attorney of record.

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions shall apply to these Interrogatories and Requests for Production:

1.     "You", "your", and "defendant" shall mean the Defendant the interrogatories and requests for production are addressed to in this case, and shall include past or present directors, officers, representatives, employees, agents, guardians, attorneys, or any other person or persons acting or purporting to act on your behalf, whether authorized to do so or not.

2.     "Any" includes the word "all" and "all" includes the word "any".

3.     The term "person" or "persons" shall mean all individuals and entities, including, but not limited to, natural persons, firms, partnerships, associations, organizations, divisions, joint ventures, corporations, trusts, reciprocal or interinsurance exchange, Lloyd's plan, fraternal benefit society, agent, governmental entities, domestic or foreign, unincorporated associations, or any other form of business, governmental, public or charitable entity.

4.     Unless otherwise established by the context, the plural shall be construed to include the singular and the singular the plural, wherever the effect of doing so is to increase the information in your responses.

5.     The terms "relate to", "relating to", "refer to", and "referring to" shall be construed to include any connection, direct or indirect, whatsoever with the requested documentation, person, or subject matter, without limitation unless specifically indicated.

6.     "Identify" or give the "identity of" means:

      i.    In the case of a person, to state such person's
           (1)    full name;
           (2)    last known home and business address and home and business telephone number;
           (3)    employer or business affiliation; and
           (4)    occupation and business position held.

15

    ii.    In the case of a <u>document</u>, to state:

        (1)    the identity of the person or persons preparing it and the sender;

        (2)    its title or a description of the general nature of the subject matter;

        (3)    the identity of the addressee(s), if any;

        (4)    its date or dates of preparation;

        (5)    its date or dates and manner of distribution and publication, if any;

        (6)    the location of each copy and the identity of its present custodian;

        (7)    the type of document; and

        (8)    all characteristics by which that document might be distinguished from any other document.

    iii.    In the case of a communication in the form of an <u>oral statement</u>, to state:

        (1)    the identity of the person uttering the oral statement;

        (2)    the place at which such oral statement was uttered;

        (3)    the date on which such oral statement was uttered;

        (4)    the identity of each person in whose presence or hearing such oral statement was uttered; and

        (5)    the substances of the oral statement.

7.    "Evidencing" or "evidences" shall mean constituting, proving, reflecting, indicating, or probative of the existence or nature of any fact, allegation, or given matter.

8.    "Fact" refers to all evidentiary facts presently known to you and all evidentiary facts the existence of which is presently inferred by you from the existence of any combination of evidentiary and/or ultimate facts.

9.    "Policy" refers to the policy of insurance in effect on the date that the loss made the basis of this lawsuit occurred.

10.    "Property" refers to the building, dwelling, other structures, and personal property covered by the Policy, as defined above, made the basis of this lawsuit.

11.    "Lawsuit" shall mean the litigation, the style, court and cause number which is found in the caption to this instrument.

12.    "Document" shall include but not be limited to all handwritten, stenographic, typed, written, or printed writings and papers of every kind, kept, maintained, or received by plaintiff or your attorney, including, but not limited to, contracts, invoices, letters, telegrams, e-mails, memoranda, reports, studies, books, records, calendar or diary entries, pamphlets, notes, charts, tabulations, records (including tape recordings or transcriptions thereof) of meetings, conferences, and telephone or other conversations or communications, ledgers, financial statements, photostats, microfilm, photographs, slides, motion pictures, video tapes, tape and disc recordings on software programs, including reproduction of copies of documents which are not identical duplicates of the original, and also including any reproduction or copies of documents of which the originals are

not in the possession, custody or control of Defendant.   This definition includes all copies, reproductions, or facsimiles of documents by whatever means made and all documents for which privilege is claimed.  If copies of a document are not identical by reason of handwritten notations, identification marks, or any other modifications, each such non-identical copy is a separate document within the meaning of this definition.

11.     "Incident", "accident", and/or "occurrence", and/or "collision" shall mean and refer to that certain incident which is described in more detail in Plaintiff's Original Petition currently on file herein.

12.     A person has knowledge of relevant facts when he has or may have knowledge of any discoverable matter.  The information need not be admissible and personal knowledge is not required.  Identification of a person with knowledge of relevant facts should include a current address and telephone number.

13.     When responding to any of the following Interrogatories, the Defendant is to identify to the fullest extent possible, any document which the Defendant know or suspects had once existed.

Respectfully submitted,

THE POTTS LAW FIRM, LLP

By:   /s/ Matthew J. Worrall
     **Matthew J. Worrall**
     SBN: 24070883
     **William H. Barfield**
     SBN: 24031725
     **Andrew A. Woellner**
     SBN: 24060850
     100 Waugh Drive, Suite 350
     Houston, Texas 77007
     Telephone (713) 963-8881
     Facsimile (713) 574-2938
     Emails: mworrall@potts-law.com
              wbarfield@potts-law.com
              awoellner@potts-law.com

**ATTORNEYS FOR PLAINTIFF**

17

## CERTIFICATE OF SERVICE

I hereby certify that I sent a true and correct copy of the attached discovery requests to Defendant(s) as an attachment to the petition.  Therefore, Defendant(s) would have received it when it was served with the citation.


THE POTTS LAW FIRM, LLP


/s/ Matthew J. Worrall
**Matthew J. Worrall**

18

# Exhibit A-1-e

2 CIT CERT MAIL   Case 3:16-cv-01218-D   Document 1-3   Filed 05/04/16   Page 1 of 14   PageID 15

FILED
DALLAS COUNTY
3/25/2016 8:31:36 AM
FELICIA PITRE
DISTRICT CLERK

Angie Avina

Cause No. DC-16-03461 _____

| | | |
|---|---|---|
| RUBY DAVIS | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| | § | |
| ALLSTATE   TEXAS   LLOYDS   AND | § | _____ JUDICIAL DISTRICT |
| MICHAEL WRIGHT | § | |
| | § | |
| *Defendant* | § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Ruby Davis, Plaintiff (hereinafter referred to as "Plaintiff"), and file this

Original Petition against Defendants, Allstate Texas Lloyds ("Allstate") and Michael Wright

("Wright") (to whom will be collectively referred to as "Defendants"), and respectfully would

show this court as follows:

### PARTIES

1.     Plaintiff, Ruby Davis, is an individual residing in and/or owning property in Dallas County,

Texas.

2.     Defendant, Allstate, is an insurance company that engaged in the business of insurance in

the State of Texas at all times material to this action.  This defendant may be served by serving its

Registered Agent for service of process: C T Corporation Systems, 1999 Bryan Street, Suite 900,

Dallas, TX, 75201, via certified mail, return receipt requested.

1

3.     Defendant, Michael Wright, is an individual residing in and domiciled in the State of Texas. This defendant may be served via certified mail, return receipt requested at 15530 Pebble Lake Drive, Houston, Texas 77095.

## DISCOVERY LEVEL

4.     Plaintiff intends for discovery to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

## JURISDICTION

5.     The Court has jurisdiction over this controversy because the damages are within the jurisdictional limits of this court.  Plaintiff is seeking monetary relief over $200,000 but not more than $1,000,000.  Plaintiff reserves the right to amend this petition during and/or after the discovery process.

6.     The Court has jurisdiction over Defendant, Allstate, because this defendant engaged in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of defendant's business activities in the State of Texas.

7.     The Court has jurisdiction over Defendant, Wright, because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of defendant's business activities in the State of Texas.

## VENUE

8.     Venue is proper in Dallas County, Texas, because the insured property is situated in Dallas County, Texas.  TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

9.     Plaintiff is the owner of a property insurance policy ("the Policy") issued by Allstate.

2

10.     Plaintiff owns the insured property located at 5402 Sandpiper Lane, in Dallas County (hereinafter referred to as "the Property"). Allstate sold the Policy insuring the Property to Plaintiff.

11.     On or about December 26, 2015, a tornado struck Dallas County, Texas, causing severe damage to homes and businesses throughout the region ("the Storm") including the Property. The Storm damaged the Property including extensive damage to Plaintiff's roof, fencing and interior.

12.     Plaintiff subsequently submitted a claim to Allstate for the damage the Property sustained as a result of the Storm. Plaintiff requested that Allstate cover the cost of repairs, including but not limited to, replacement of the roof pursuant to the property.

13.     Defendant Allstate assigned Wright as the individual adjuster ("the adjuster") on the claim. The adjuster was improperly trained and failed to perform a thorough investigation of the claim spending an inadequate amount of time inspecting Plaintiff's property. The adjuster conducted a substandard inspection of Plaintiff's Property evidenced by the adjuster's report, which failed to include all of Plaintiff's storm damages noted upon inspection. The damages the adjuster included in the report were grossly undervalued and did not allow for adequate funds to cover the cost of repairs to all the damages sustained.

14.     Allstate and its personnel failed to thoroughly review and properly supervise the work of their assigned adjusters which ultimately led to the approving an improper adjustment and an inadequately unfair settlement of Plaintiff's claim. As a result of Defendants' wrongful acts and omissions set forth above and further described herein, Plaintiff was wrongfully denied on the claim and has suffered damages.

15.     Together, Defendants set about to deny and/or underpay on properly covered damages.

3

Defendants failed to provide full coverage for the damages sustained by Plaintiff and under-scoped Plaintiff's damages, thereby denying adequate and sufficient payment on Plaintiff's claim. As a result of Defendants' unreasonable investigation, Plaintiff's claim was improperly adjusted, and Plaintiff was wrongfully denied on the claim and has suffered damages. The mishandling of Plaintiff's claim has also caused a delay in Plaintiff's ability to fully repair the Property, which has resulted in additional damages. To this date, Plaintiff has yet to receive the full payment that he is entitled to under the Policy.

16.     As detailed in the paragraphs below, Allstate wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

17.     To date, Allstate continues to delay in the payment for the damages to the Property. As such, Plaintiff has not been paid in full for the damages to the Property.

18.     Defendant Allstate failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Allstate's conduct constitutes a breach of the insurance contract between Allstate and Plaintiff.

19.     Defendants misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(1).

4

20.     Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy.  Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  Tex. Ins. Code § 541.0060(a)(2)(A).

21.     Defendants failed to explain to Plaintiff the reasons for their offer of an inadequate settlement.  Specifically, Defendants failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made.  Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim.  Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices.  Tex. Ins. Code § 541.060(a)(3).

22.     Defendants failed to affirm or deny coverage of Plaintiff's claim within a reasonable time.  Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants.  Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  Tex. Ins. Code § 541.060(a)(4).

23.     Defendants refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation.  Specifically, Defendants performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's claim on the Property.  Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  Tex. Ins. Code § 541.060(a)(7).

24.     Defendant Allstate failed to meets it obligations under the Texas Insurance Code regarding

5

timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.055.

25.     Defendant Allstate failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.056.

26.     Defendant Allstate failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for the claim. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.058.

27.     From and after the time Plaintiff's claim was presented to Defendant Allstate, the liability of Allstate to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Allstate has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing.

28.     Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

29.     As a result of Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

6

30.     Plaintiff's experience is not an isolated case.  The acts and omissions Allstate committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Allstate with regard to handling these types of claims.  Allstate's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## CAUSES OF ACTION

31.     Each of the foregoing paragraphs is incorporated by reference in the following:

### I.     Causes of Action Against Wright

32.     Allstate assigned Wright to adjust this claim.  Wright was improperly trained and performed an outcome oriented and unreasonable investigation of Plaintiff's damages.  Wright did not properly assess all damages caused by the Storm and omitted covered damages from the report including the full extent of damage to the roof.  Wright refused to fully compensate Plaintiff for the full amount Plaintiff is entitled under the Policy.  The outcome oriented investigation of Plaintiff's claim resulted in a biased evaluation of Plaintiff's damages to the Property and the estimated damages were severely underestimated.

### A.     Noncompliance with Texas Insurance Code:  Unfair Settlement Practices

33.     Defendant Wright's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE § 541.060(a).  All violations under this article are made actionable by TEX. INS. CODE § 541.151.

34.     Defendant Wright is individually liable for his unfair and deceptive acts, irrespective of the fact Wright was acting on behalf of Allstate, because Wright is a "person" as defined by TEX. INS. CODE § 541.002(2).  The term "person" is defined as "any individual, corporation, association,

7

partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster or life and health insurance counselor." TEX. INS. CODE § 541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W. 2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

35.    Defendants' misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages; (2) stating that Plaintiff's damages were less severe than they in fact were; (3) using their own statements about the non-severity of the damages as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiff received.   Defendant Wright's unfair settlement practices, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060 (a)(1).

36.    Defendant Wright's unfair settlement practices, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE § 541.060(a)(2)(A).

37.    Defendant Wright failed to explain to Plaintiff the reasons for the offer or offers of an inadequate settlement.   Specifically, Defendant Wright failed to offer Plaintiff adequate

8

compensation without any explanation as to why full payment was not being made. Furthermore, Defendant Wright did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor was there any explanation for the failure as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(3).

38.    Defendant Wright's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(4).

39.    Defendant Wright did not properly inspect the Property and failed to account for and/or undervalued Plaintiff's roof damage, although reported by Plaintiff to Allstate. Defendant Wright's unfair settlement practices, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition, and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(7).

## II.    Causes of Action Against Allstate

40.    Allstate intentionally breached its contract with Plaintiff, intentionally violated the Texas Insurance Code and intentionally breached the common law duty of good faith and fair dealing.

### A.    Breach of Contract

41.    Allstate breached the contract of insurance it had with Plaintiff. Allstate breached the

contract by its failure/and or refusal to adequately pay the claim as it is obligated to do under the terms of the Policy in question and under the laws in the State of Texas.

**B.      Noncompliance with Texas Insurance Code:  Unfair Settlement Practices**

42.      Defendant Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE § 541.060(a).  All violations under this article were made actionable by TEX. INS. CODE § 541.151.

43.      Defendant Allstate's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE § 5410.060(a)(1).

44.      Defendant Allstate's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Allstate's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.   TEX. INS. CODE § 541.060(a)(2)(A).

45.      Defendant Allstate's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE § 541.060(a)(3).

46.      Defendant Allstate's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of

rights to Plaintiff, constitutes an unfair method of compensation and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(4).

47.     Defendant Allstate's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(7).

> **C.     Noncompliance with Texas Insurance Code:   Prompt Payment of Claims Statute**

48.     Plaintiff is entitled to 18% interest and attorney fees under TEX. INS. CODE §542.060 for violating the Texas Insurance Code, Prompt Payment of claims TEX. INS. CODE §542.051 *et. seq.*

49.     Allstate failed to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints under TEX. INS. CODE §542.055.

50.     Allstate failed to notify Plaintiff in writing of its acceptance or rejection of the claim within applicable time constraints under TEX. INS. CODE §542.056.

51.     Allstate delayed the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for under TEX. INS. CODE §542.058.

> **D.     Breach of the Duty of Good Faith and Fair Dealing**

52.     Allstate breached the duty of good faith and fair dealing by failing to adequately and reasonably investigate and evaluate Plaintiff's claim while it knew or should have known, by the exercise of reasonable diligence, that its liability was reasonably clear.

11

### E.     Knowledge

53.     Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code.

## DAMAGES

54.     Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

55.     The damages caused by the hail storm and/or windstorm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff.   These damages are a direct result of Defendants' mishandling of Plaintiff's claim in violation of the laws set forth above.

56.     For breach of contract, Plaintiff are entitled to regain the benefit of their bargain, which is the amount of his claim, together with attorney's fees.

57.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs, and attorney's fees.   For knowing conduct of the acts described above, Plaintiff ask for three times their actual damages. TEX. INS. CODE § 541.152.

58.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of the claim, as well as 18% (eighteen percent) interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE § 542.060.

59.     For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer

12

owed, exemplary damages and damages for emotional stress.

60.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the

services of the attorney whose name is subscribed to this pleading.  Therefore, Plaintiff is entitled

to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation

and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of

Texas

**JURY DEMAND**

61.     Plaintiff hereby demands a trial by jury and tender the appropriate fee.

**DISCOVERY REQUESTS**

62.     Pursuant to Texas Rules of Civil Procedure 194, Plaintiff requests that each Defendant

disclose, within 30 days of service of this request, the information or materials described in Texas

Rule of Civil Procedure 194.2(a)-(l).

63.     Defendants are requested to respond to the attached interrogatories and requests for

production within fifty (50) days.

**PRAYER**

64.     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this court site Defendants

to appear and answer herein and that Plaintiff has judgment taken against Defendants and recovers

from Defendants all damages allowed by law, and that Plaintiff be awarded attorneys' fees for trial

and any appeal of this case, for pre-judgment and post judgment interest as allowed by law, costs

of court, and such other and further relief, both general and special, at law or in equity, to which

Plaintiff is justly entitled.

13

Respectfully submitted,

THE POTTS LAW FIRM, LLP ·

By:    */s/ Matthew J. Worrall*
       **Matthew J. Worrall**
       SBN: 24070883
       **William H. Barfield**
       SBN:  24031725
       **Andrew A. Woellner**
       SBN:  24060850
       100 Waugh Drive, Suite 350
       Houston, Texas 77007
       Telephone (713) 963-8881
       Facsimile (713) 574-2938
       Emails: mworrall@potts-law.com
             wbarfield@potts-law.com
             awoellner@potts-law.com

       **ATTORNEYS FOR PLAINTIFF**

14

# Exhibit A-1-f

FILED
TARRANT COUNTY
5/16/2016 4:37:54 PM
THOMAS A. WILDER
DISTRICT CLERK

Cause No. _____

048-285476-16

| | | |
|---|---|---|
| BRODNEY BENSON | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | TARRANT COUNTY, TEXAS |
| | § | |
| | § | |
| ALLSTATE   TEXAS   LLOYDS   AND | § | _____ JUDICIAL DISTRICT |
| KEENAN WHITE | § | |
| | § | |
| *Defendant* | § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Brodney Benson, (hereinafter referred to as "Plaintiff"), and file this Original Petition against Defendants, Allstate Texas Lloyds ("Allstate") and Keenan White ("White") (to whom will be collectively referred to as "Defendants"), and respectfully would show this court as follows:

### PARTIES

1.    Plaintiff, Brodney Benson, is an individual residing in and/or owning property in Tarrant County, Texas.

2.    Defendant, Allstate, is an insurance company that engaged in the business of insurance in the State of Texas at all times material to this action.  This defendant may be served by serving its Registered Agent for service of process: C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136, via certified mail, return receipt requested.

1

048-285476-16

3.     Defendant, Keenan White, is an individual residing in and domiciled in the State of Texas. This defendant may be served via certified mail, return receipt requested at PO Box 420514, Houston, Texas 77242.

## DISCOVERY LEVEL

4.     Plaintiff intends for discovery to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

## JURISDICTION

5.     The Court has jurisdiction over this controversy because the damages are within the jurisdictional limits of this court.  Plaintiff is seeking monetary relief over $200,000 but not more than $1,000,000.  Plaintiff reserves the right to amend this petition during and/or after the discovery process.

6.     The Court has jurisdiction over Defendant, Allstate, because this defendant engaged in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of defendant's business activities in the State of Texas.

7.     The Court has jurisdiction over Defendant, White, because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of defendant's business activities in the State of Texas.

## VENUE

8.     Venue is proper in Tarrant County, Texas, because the insured property is situated in Tarrant County, Texas.  TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

9.     Plaintiff is the owner of a property insurance policy ("the Policy") issued by Allstate.

2

048-285476-16

10.     Plaintiff owns the insured property located at 6612 Robindale Road, in Tarrant County (hereinafter referred to as "the Property"). Allstate sold the Policy insuring the Property to Plaintiff.

11.     On or about May 29, 2013, a hail storm and/or windstorm struck Tarrant County, Texas, causing severe damage to homes and businesses throughout the region ("the Storm") including the Property. The Storm damaged the Property including extensive damage to Plaintiff's roof.

12.     Plaintiff subsequently submitted a claim to Allstate for the damage the Property sustained as a result of the Storm. Plaintiff requested that Allstate cover the cost of repairs, including but not limited to, replacement of the roof pursuant to the property.

13.     Defendant Allstate assigned White as the individual adjuster ("the adjuster") on the claim. The adjuster was improperly trained and failed to perform a thorough investigation of the claim spending an inadequate amount of time inspecting Plaintiff's property. The adjuster conducted a substandard inspection of Plaintiff's Property evidenced by the adjuster's report, which failed to include all of Plaintiff's storm damages noted upon inspection. The damages the adjuster included in the report were grossly undervalued and did not allow for adequate funds to cover the cost of repairs to all the damages sustained.

14.     Allstate and its personnel failed to thoroughly review and properly supervise the work of their assigned adjusters which ultimately led to the approving an improper adjustment and an inadequately unfair settlement of Plaintiff's claim. As a result of Defendants' wrongful acts and omissions set forth above and further described herein, Plaintiff was wrongfully denied on the claim and has suffered damages.

15.     Together, Defendants set about to deny and/or underpay on properly covered damages.

3

048-285476-16

Defendants failed to provide full coverage for the damages sustained by Plaintiff and under-scoped

Plaintiff's damages, thereby denying adequate and sufficient payment on Plaintiff's claim.  As a

result of Defendants' unreasonable investigation, Plaintiff's claim was improperly adjusted, and

Plaintiff was wrongfully denied on the claim and has suffered damages.  The mishandling of

Plaintiff's claim has also caused a delay in Plaintiff's ability to fully repair the Property, which has

resulted in additional damages.  To this date, Plaintiff has yet to receive the full payment that he

is entitled to under the Policy.

16.     As detailed in the paragraphs below, Allstate wrongfully denied Plaintiff's claim for repairs

of the Property, even though the Policy provided coverage for losses such as those suffered by

Plaintiff.

17.     To date, Allstate continues to delay in the payment for the damages to the Property.  As

such, Plaintiff has not been paid in full for the damages to the Property.

18.     Defendant Allstate failed to perform its contractual duties to adequately compensate

Plaintiff under the terms of the Policy.  Specifically, it refused to pay the full proceeds of the

Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover

the damaged property, and all conditions precedent to recovery upon the Policy had been carried

out and accomplished by Plaintiff. Allstate's conduct constitutes a breach of the insurance contract

between Allstate and Plaintiff.

19.     Defendants misrepresented to Plaintiff that the damage to the Property was not covered

under the Policy, even though the damage was caused by a covered occurrence.  Defendants'

conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.

INS. CODE § 541.060(a)(1).

4

048-285476-16

20.     Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy.  Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE § 541.0060(a)(2)(A).

21.     Defendants failed to explain to Plaintiff the reasons for their offer of an inadequate settlement.  Specifically, Defendants failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made.  Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim.  Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE § 541.060(a)(3).

22.     Defendants failed to affirm or deny coverage of Plaintiff's claim within a reasonable time.  Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants.  Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE § 541.060(a)(4).

23.     Defendants refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation.  Specifically, Defendants performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's claim on the Property.  Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE § 541.060(a)(7).

24.     Defendant Allstate failed to meets it obligations under the Texas Insurance Code regarding

5

048-285476-16

timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.055.

25.    Defendant Allstate failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.056.

26.    Defendant Allstate failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for the claim. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.058.

27.    From and after the time Plaintiff's claim was presented to Defendant Allstate, the liability of Allstate to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Allstate has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing.

28.    Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

29.    As a result of Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

6

048-285476-16

30.     Plaintiff's experience is not an isolated case.  The acts and omissions Allstate committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Allstate with regard to handling these types of claims.  Allstate's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

CAUSES OF ACTION

31.     Each of the foregoing paragraphs is incorporated by reference in the following:

**I.      Causes of Action Against White**

32.     Allstate assigned White to adjust this claim.  White was improperly trained and performed an outcome oriented and unreasonable investigation of Plaintiff's damages.  White did not properly assess all damages caused by the Storm and omitted covered damages from the report including the full extent of damage to the roof.  White refused to fully compensate Plaintiff for the full amount Plaintiff is entitled under the Policy.  The outcome oriented investigation of Plaintiff's claim resulted in a biased evaluation of Plaintiff's damages to the Property and the estimated damages were severely underestimated.

**A.      Noncompliance with Texas Insurance Code:  Unfair Settlement Practices**

33.     Defendant White's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE § 541.060(a).  All violations under this article are made actionable by TEX. INS. CODE § 541.151.

34.     Defendant White is individually liable for his unfair and deceptive acts, irrespective of the fact White was acting on behalf of Allstate, because White is a "person" as defined by TEX. INS. CODE § 541.002(2).  The term "person" is defined as "any individual, corporation, association,

7

048-285476-16

partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster or life and health insurance counselor." TEX. INS. CODE § 541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W. 2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

35.    Defendants' misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages; (2) stating that Plaintiff's damages were less severe than they in fact were; (3) using their own statements about the non-severity of the damages as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiff received.   Defendant White's unfair settlement practices, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060 (a)(1).

36.    Defendant White's unfair settlement practices, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(2)(A).

37.    Defendant White failed to explain to Plaintiff the reasons for the offer or offers of an inadequate settlement.    Specifically, Defendant White failed to offer Plaintiff adequate

8

048-285476-16

compensation without any explanation as to why full payment was not being made. Furthermore, Defendant White did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor was there any explanation for the failure as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(3).

38.     Defendant White's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(4).

39.     Defendant White did not properly inspect the Property and failed to account for and/or undervalued Plaintiff's roof damage, although reported by Plaintiff to Allstate. Defendant White's unfair settlement practices, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition, and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(7).

II.     **Causes of Action Against Allstate**

40.     Allstate intentionally breached its contract with Plaintiff, intentionally violated the Texas Insurance Code and intentionally breached the common law duty of good faith and fair dealing.

9

048-285476-16

### A.   Breach of Contract

41.    Allstate breached the contract of insurance it had with Plaintiff.  Allstate breached the

contract by its failure/and or refusal to adequately pay the claim as it is obligated to do under the

terms of the Policy in question and under the laws in the State of Texas.

### B.   Noncompliance with Texas Insurance Code:  Unfair Settlement Practices

42.    Defendant Allstate's conduct constitutes multiple violations of the Texas Insurance Code,

Unfair Settlement Practices. TEX. INS. CODE § 541.060(a).  All violations under this article were

made actionable by TEX. INS. CODE § 541.151.

43.    Defendant Allstate's unfair settlement practice, as described above, of misrepresenting to

Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition

and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §

5410.060(a)(1).

44.    Defendant Allstate's unfair settlement practice, as described above, of failing to attempt in

good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Allstate's

liability under the Policy was reasonably clear, constitutes an unfair method of competition and an

unfair and deceptive act or practice in the business of insurance.   TEX. INS. CODE §

541.060(a)(2)(A).

45.    Defendant Allstate's unfair settlement practice, as described above, of failing to promptly

provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or

applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method

048-285476-16

of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(3).

46.     Defendant Allstate's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of compensation and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(4).

47.     Defendant Allstate's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(7).

C.     **Noncompliance with Texas Insurance Code:   Prompt Payment of Claims Statute**

48.     Plaintiff is entitled to 18% interest and attorney fees under TEX. INS. CODE §542.060 for violating the Texas Insurance Code, Prompt Payment of claims TEX. INS. CODE §542.051 *et. seq.*

49.     Allstate failed to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints under TEX. INS. CODE §542.055.

50.     Allstate failed to notify Plaintiff in writing of its acceptance or rejection of the claim within applicable time constraints under TEX. INS. CODE §542.056.

51.     Allstate delayed the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for under TEX. INS. CODE §542.058.

048-285476-16

**D.     Breach of the Duty of Good Faith and Fair Dealing**

52.     Allstate breached the duty of good faith and fair dealing by failing to adequately and reasonably investigate and evaluate Plaintiff's claim while it knew or should have known, by the exercise of reasonable diligence, that its liability was reasonably clear.

**E.     Knowledge**

53.     Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code.

**DAMAGES**

54.     Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

55.     The damages caused by the hail storm and/or windstorm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff.   These damages are a direct result of Defendants' mishandling of Plaintiff's claim in violation of the laws set forth above.

56.     For breach of contract, Plaintiff are entitled to regain the benefit of their bargain, which is the amount of his claim, together with attorney's fees.

57.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs, and attorney's fees.   For knowing conduct of the acts described above, Plaintiff ask for three times their actual damages. TEX. INS. CODE § 541.152.

58.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of the claim, as well as 18% (eighteen percent) interest per annum on the

12

048-285476-16

amount of such claim as damages, together with attorney's fees. TEX. INS. CODE § 542.060.

59.    For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to

compensatory damages, including all forms of loss resulting from the insurer's breach of duty,

such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer

owed, exemplary damages and damages for emotional stress.

60.    For the prosecution and collection of this claim, Plaintiff has been compelled to engage the

services of the attorney whose name is subscribed to this pleading.  Therefore, Plaintiff is entitled

to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation

and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of

Texas

### JURY DEMAND

61.    Plaintiff hereby demands a trial by jury and tender the appropriate fee.

### DISCOVERY REQUESTS

62.    Pursuant to Texas Rules of Civil Procedure 194, Plaintiff requests that each Defendant

disclose, within 30 days of service of this request, the information or materials described in Texas

Rule of Civil Procedure 194.2(a)-(l).

63.    Defendants are requested to respond to the attached interrogatories and requests for

production within fifty (50) days.

### PRAYER

64.    WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this court site Defendants

to appear and answer herein and that Plaintiff has judgment taken against Defendants and recovers

from Defendants all damages allowed by law, and that Plaintiff be awarded attorneys' fees for trial

13

048-285476-16

and any appeal of this case, for pre-judgment and post judgment interest as allowed by law, costs

of court, and such other and further relief, both general and special, at law or in equity, to which

Plaintiff is justly entitled.

Respectfully submitted,

THE POTTS LAW FIRM, LLP

By:    /s/ Matthew J. Worrall
       **Matthew J. Worrall**
       SBN: 24070883
       **William H. Barfield**
       SBN: 24031725
       **Andrew A. Woellner**
       SBN: 24060850
       100 Waugh Drive, Suite 350
       Houston, Texas 77007
       Telephone (713) 963-8881
       Facsimile (713) 574-2938
       Emails: mworrall@potts-law.com
               wbarfield@potts-law.com
               awoellner@potts-law.com

**ATTORNEYS FOR PLAINTIFF**

14

# Exhibit A-1-g



Ellis County - 443rd District Court

Filed 10/31/2016 2:16:04 PM
Melanie Reed
District Clerk
Ellis County, Texas

Cause No. _____94823_____

| | | |
|---|---|---|
| MARGARET MARY | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | ELLIS COUNTY, TEXAS |
| | § | |
| ALLSTATE TEXAS LLOYD'S AND JOHN | § | |
| SPRUIELL, | § | |
| *Defendants* | § | _____ JUDICIAL DISTRICT |
| | § | |
| | § | |
| | § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Margaret Mary, (hereinafter referred to as "Plaintiff"), and file this Original Petition against Defendants, Allstate Texas Lloyd's ("Allstate") and John Spruiell ("Spruiell") (to whom will be collectively referred to as "Defendants"), and respectfully would show this court as follows:

### PARTIES

1.      Plaintiff, Margaret Mary, is an individual residing in and/or owning property in Ellis County, Texas.

2.      Defendant, Allstate, is an insurance company that engaged in the business of insurance in the State of Texas at all times material to this action. This defendant may be served by serving its Registered Agent for service of process: C T Corporation, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136, via certified mail, return receipt requested.

3.      Defendant, Spruiell, is an individual residing in Wichita County, Texas and is an adjuster with a designated home state of Texas licensed with the Texas Department of Insurance. This

1

defendant may be served via certified mail, return receipt requested at 2 Daniel Ct., Iowa Park, Texas 76367-1058.

### DISCOVERY LEVEL

4.      Plaintiff intends for discovery to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

### JURISDICTION

5.      The Court has jurisdiction over this controversy because the damages are within the jurisdictional limits of this court. Plaintiff is seeking monetary relief over $200,000 but not more than $1,000,000. Plaintiff reserves the right to amend this petition during and/or after the discovery process.

6.      The Court has jurisdiction over Defendant, Allstate, because this defendant engaged in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of defendant's business activities in the State of Texas.

7.      The Court has jurisdiction over Defendant, Spruiell, because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of defendant's business activities in the State of Texas.

### VENUE

8.      Venue is proper in Ellis County, Texas, because the insured property is situated in Ellis County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

### FACTS

9.      Plaintiff is the owner of a property insurance policy ("the Policy") issued by Allstate.

10.     Plaintiff owns the insured property located at 3030 Clear Creek Dr. in Midlothian, Ellis

2

County (hereinafter referred to as "the Property"). Allstate sold the Policy insuring the Property to Plaintiff.

11.     On or about April 18, 2015, a hail storm and/or windstorm struck Ellis County, Texas, causing severe damage to homes and businesses throughout the region ("the Storm") including the Property. The Storm damaged the Property including extensive damage to Plaintiff's roof.

12.     Plaintiff subsequently submitted a claim to Allstate for the damage the Property sustained as a result of the Storm. Plaintiff requested that Allstate cover the cost of repairs, including but not limited to, replacement of the roof pursuant to the property.

13.     Defendant Allstate assigned Spruiell as the individual adjuster ("the adjuster") on the claim. The adjuster was improperly trained and failed to perform a thorough investigation of the claim spending an inadequate amount of time inspecting Plaintiff's property. The adjuster conducted a substandard inspection of Plaintiff's Property evidenced by the adjuster's report, which failed to include all of Plaintiff's storm damages noted upon inspection. The damages the adjuster included in the report were grossly undervalued and did not allow for adequate funds to cover the cost of repairs to all the damages sustained.

14.     Allstate and its personnel failed to thoroughly review and properly supervise the work of their assigned adjusters which ultimately led to the approving an improper adjustment and an inadequately unfair settlement of Plaintiff's claim. As a result of Defendants' wrongful acts and omissions set forth above and further described herein, Plaintiff was wrongfully denied on the claim and has suffered damages.

15.     Together, Defendants set about to deny and/or underpay on properly covered damages. Defendants failed to provide full coverage for the damages sustained by Plaintiff and under-scoped

3

Plaintiff's damages, thereby denying adequate and sufficient payment on Plaintiff's claim. As a result of Defendants' unreasonable investigation, Plaintiff's claim was improperly adjusted, and Plaintiff was wrongfully denied on the claim and has suffered damages. The mishandling of Plaintiff's claim has also caused a delay in Plaintiff's ability to fully repair the Property, which has resulted in additional damages. To this date, Plaintiff has yet to receive the full payment that he is entitled to under the Policy.

16.     As detailed in the paragraphs below, Allstate wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

17.     To date, Allstate continues to delay in the payment for the damages to the Property. As such, Plaintiff has not been paid in full for the damages to the Property.

18.     Defendant Allstate failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Allstate's conduct constitutes a breach of the insurance contract between Allstate and Plaintiff.

19.     Defendants misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(1).

20.     Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although

4

they were aware of their liability to Plaintiff under the Policy. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.0060(a)(2)(A).

21.     Defendants failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(3).

22.     Defendants failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(4).

23.     Defendants refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's claim on the Property. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(7).

24.     Defendant Allstate failed to meets it obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and

requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.055.

25.     Defendant Allstate failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.056.

26.     Defendant Allstate failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay.  Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for the claim.  Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.058.

27.     From and after the time Plaintiff's claim was presented to Defendant Allstate, the liability of Allstate to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Allstate has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment.  Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing.

28.     Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

29.     As a result of Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

30.     Plaintiff's experience is not an isolated case.  The acts and omissions Allstate committed

6

in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Allstate with regard to handling these types of claims. Allstate's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

CAUSES OF ACTION

31.   Each of the foregoing paragraphs is incorporated by reference in the following:

### I.   Causes of Action Against Spruiell

32.   Allstate assigned Spruiell to adjust this claim. Spruiell was improperly trained and performed an outcome oriented and unreasonable investigation of Plaintiff's damages. Spruiell did not properly assess all damages caused by the Storm and omitted covered damages from the report including the full extent of damage to the roof. Spruiell refused to fully compensate Plaintiff for the full amount Plaintiff is entitled under the Policy. The outcome oriented investigation of Plaintiff's claim resulted in a biased evaluation of Plaintiff's damages to the Property and the estimated damages were severely underestimated.

### A.   Noncompliance with Texas Insurance Code:  Unfair Settlement Practices

33.   Defendant Spruiell's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a). All violations under this article are made actionable by TEX. INS. CODE § 541.151.

34.   Defendant Spruiell is individually liable for his unfair and deceptive acts, irrespective of the fact Spruiell was acting on behalf of Allstate, because Spruiell is a "person" as defined by TEX. INS. CODE § 541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other

7

legal entity engaged in the business of insurance, including an agent, broker, adjuster or life and health insurance counselor." TEX. INS. CODE § 541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W. 2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

35.    Defendants' misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages; (2) stating that Plaintiff's damages were less severe than they in fact were; (3) using their own statements about the non-severity of the damages as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiff received. Defendant Spruiell's unfair settlement practices, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060 (a)(1).

36.    Defendant Spruiell's unfair settlement practices, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(2)(A).

37.    Defendant Spruiell failed to explain to Plaintiff the reasons for the offer or offers of an inadequate settlement. Specifically, Defendant Spruiell failed to offer Plaintiff adequate

compensation without any explanation as to why full payment was not being made. Furthermore, Defendant Spruiell did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor was there any explanation for the failure as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(3).

38.     Defendant Spruiell's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(4).

39.     Defendant Spruiell did not properly inspect the Property and failed to account for and/or undervalued Plaintiff's roof damage, although reported by Plaintiff to Allstate. Defendant Spruiell's unfair settlement practices, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition, and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(7).

### II.     Causes of Action Against Allstate

40.     Allstate intentionally breached its contract with Plaintiff, intentionally violated the Texas Insurance Code and intentionally breached the common law duty of good faith and fair dealing.

#### A.     Breach of Contract

41.     Allstate breached the contract of insurance it had with Plaintiff. Allstate breached the

contract by its failure/and or refusal to adequately pay the claim as it is obligated to do under the terms of the Policy in question and under the laws in the State of Texas.

      **B.**    **Noncompliance with Texas Insurance Code: Unfair Settlement Practices**

42.     Defendant Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a). All violations under this article were made actionable by TEX. INS. CODE § 541.151.

43.     Defendant Allstate's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 5410.060(a)(1).

44.     Defendant Allstate's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Allstate's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(2)(A).

45.     Defendant Allstate's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(3).

46.     Defendant Allstate's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of

rights to Plaintiff, constitutes an unfair method of compensation and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(4).

47.     Defendant Allstate's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(7).

> ### C.     Noncompliance with Texas Insurance Code:   Prompt Payment of Claims Statute

48.     Plaintiff is entitled to 18% interest and attorney fees under TEX. INS. CODE §542.060 for violating the Texas Insurance Code, Prompt Payment of claims TEX. INS. CODE §542.051 *et. seq.*

49.     Allstate failed to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints under TEX. INS. CODE §542.055.

50.     Allstate failed to notify Plaintiff in writing of its acceptance or rejection of the claim within applicable time constraints under TEX. INS. CODE §542.056.

51.     Allstate delayed the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for under TEX. INS. CODE §542.058.

> ### D.     Breach of the Duty of Good Faith and Fair Dealing

52.     Allstate breached the duty of good faith and fair dealing by failing to adequately and reasonably investigate and evaluate Plaintiff's claim while it knew or should have known, by the exercise of reasonable diligence, that its liability was reasonably clear.

11

pdf

### E.    Knowledge

53.    Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code.

### DAMAGES

54.    Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

55.    The damages caused by the hail storm and/or windstorm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendants' mishandling of Plaintiff's claim in violation of the laws set forth above.

56.    For breach of contract, Plaintiff are entitled to regain the benefit of their bargain, which is the amount of his claim, together with attorney's fees.

57.    For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff ask for three times their actual damages. TEX. INS. CODE § 541.152.

58.    For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of the claim, as well as 18% (eighteen percent) interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE § 542.060.

59.    For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer

12

owed, exemplary damages and damages for emotional stress.

60.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

61.     Plaintiff hereby demands a trial by jury and tender the appropriate fee.

## DISCOVERY REQUESTS

62.     Pursuant to Texas Rules of Civil Procedure 194, Plaintiff requests that each Defendant disclose, within 30 days of service of this request, the information or materials described in Texas Rule of Civil Procedure 194.2(a)-(l).

63.     Defendants are requested to respond to the attached interrogatories and requests for production within fifty (50) days.

## PRAYER

64.     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this court site Defendants to appear and answer herein and that Plaintiff has judgment taken against Defendants and recovers from Defendants all damages allowed by law, and that Plaintiff be awarded attorneys' fees for trial and any appeal of this case, for pre-judgment and post judgment interest as allowed by law, costs of court, and such other and further relief, both general and special, at law or in equity, to which Plaintiff is justly entitled.

13

Respectfully submitted,

THE POTTS LAW FIRM, LLP

By:   /s/ Matthew J. Worrall
      **Matthew J. Worrall**
      SBN: 24070883
      **William H. Barfield**
      SBN: 24031725
      **Andrew A. Woellner**
      SBN: 24060850
      3737 Buffalo Speedway, Suite 1900
      Houston, Texas 77098
      Telephone (713) 963-8881
      Facsimile (713) 574-2938
      Emails: mworrall@potts-law.com
              wbarfield@potts-law.com
              awoellner@potts-law.com

      **ATTORNEYS FOR PLAINTIFF**

14

# Exhibit A-1-h

FILED
DALLAS COUNTY
12/27/2016 2:10:45 PM
FELICIA PITRE
DISTRICT CLERK

Marissa Pittman

DC-16-16366

Cause No. _____

| | | |
|---|---|---|
| RHONDA HAYNES | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | DALLAS COUNTY, TEXAS |
| | § | |
| ALLSTATE VEHICLE AND PROPERTY | § | |
| INSURANCE COMPANY AND RICARDO | § | |
| GONZALEZ, | § | _____ JUDICIAL DISTRICT |
| *Defendants* | § | |
| | § | |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Rhonda Haynes, (hereinafter referred to as "Plaintiff"), and file this Original Petition against Defendants, Allstate Vehicle and Property Insurance Company ("Allstate") and Ricardo Gonzalez ("Gonzalez") (to whom will be collectively referred to as "Defendants"), and respectfully would show this court as follows:

### PARTIES

1. Plaintiff, Rhonda Haynes, is an individual residing in and/or owning property in Dallas County, Texas.

2. Defendant, Allstate, is an insurance company that engaged in the business of insurance in the State of Texas at all times material to this action. This defendant may be served by serving its Registered Agent for service of process: C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136, via certified mail, return receipt requested.

3. Defendant, Ricardo Gonzalez, is an individual residing in Frisco, Texas and is an adjuster with a designated home state of Texas licensed with the Texas Department of Insurance. This

1

defendant may be served via certified mail, return receipt requested at 6656 Waterbury Dr., Frisco, Texas 75035-3776.

## DISCOVERY LEVEL

4.      Plaintiff intends for discovery to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

## JURISDICTION

5.      The Court has jurisdiction over this controversy because the damages are within the jurisdictional limits of this court.  Plaintiff is seeking monetary relief over $200,000 but not more than $1,000,000.  Plaintiff reserves the right to amend this petition during and/or after the discovery process.

6.      The Court has jurisdiction over Defendant, Allstate, because this defendant engaged in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of defendant's business activities in the State of Texas.

7.      The Court has jurisdiction over Defendant, Gonzalez, because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of defendant's business activities in the State of Texas.

## VENUE

8.      Venue is proper in Dallas County, Texas, because the insured property is situated in Dallas County, Texas.  TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

9.      Plaintiff is the owner of a property insurance policy ("the Policy") issued by Allstate.

10.     Plaintiff owns the insured property located at 104 Hickman St., in Dallas County

2

(hereinafter referred to as "the Property"). Allstate sold the Policy insuring the Property to Plaintiff.

11.     On or about April 26, 2016 a hail storm and/or windstorm struck Dallas County, Texas, causing severe damage to homes and businesses throughout the region ("the Storm") including the Property. The Storm damaged the Property including extensive damage to Plaintiff's roof.

12.     Plaintiff subsequently submitted a claim to Allstate for the damage the Property sustained as a result of the Storm. Plaintiff requested that Allstate cover the cost of repairs, including but not limited to, replacement of the roof pursuant to the property.

13.     Defendant Allstate assigned Gonzalez as the individual adjuster ("the adjuster") on the claim. The adjuster was improperly trained and failed to perform a thorough investigation of the claim spending an inadequate amount of time inspecting Plaintiff's property. The adjuster conducted a substandard inspection of Plaintiff's Property evidenced by the adjuster's report, which failed to include all of Plaintiff's storm damages noted upon inspection. The damages the adjuster included in the report were grossly undervalued and did not allow for adequate funds to cover the cost of repairs to all the damages sustained.

14.     Allstate and its personnel failed to thoroughly review and properly supervise the work of their assigned adjusters which ultimately led to the approving an improper adjustment and an inadequately unfair settlement of Plaintiff's claim. As a result of Defendants' wrongful acts and omissions set forth above and further described herein, Plaintiff was wrongfully denied on the claim and has suffered damages.

15.     Together, Defendants set about to deny and/or underpay on properly covered damages. Defendants failed to provide full coverage for the damages sustained by Plaintiff and under-scoped

3

Plaintiff's damages, thereby denying adequate and sufficient payment on Plaintiff's claim. As a result of Defendants' unreasonable investigation, Plaintiff's claim was improperly adjusted, and Plaintiff was wrongfully denied on the claim and has suffered damages. The mishandling of Plaintiff's claim has also caused a delay in Plaintiff's ability to fully repair the Property, which has resulted in additional damages. To this date, Plaintiff has yet to receive the full payment that he is entitled to under the Policy.

16.     As detailed in the paragraphs below, Allstate wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

17.     To date, Allstate continues to delay in the payment for the damages to the Property. As such, Plaintiff has not been paid in full for the damages to the Property.

18.     Defendant Allstate failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Allstate's conduct constitutes a breach of the insurance contract between Allstate and Plaintiff.

19.     Defendants misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(1).

4

20.    Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.   TEX. INS. CODE § 541.0060(a)(2)(A).

21.    Defendants failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(3).

22.    Defendants failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(4).

23.    Defendants refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's claim on the Property. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(7).

24.     Defendant Allstate failed to meets it obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.055.

25.     Defendant Allstate failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.056.

26.     Defendant Allstate failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for the claim. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.058.

27.     From and after the time Plaintiff's claim was presented to Defendant Allstate, the liability of Allstate to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Allstate has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing.

28.     Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

29.     As a result of Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing them with respect to these

6

causes of action.

30.     Plaintiff's experience is not an isolated case.  The acts and omissions Allstate committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Allstate with regard to handling these types of claims.  Allstate's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## CAUSES OF ACTION

31.     Each of the foregoing paragraphs is incorporated by reference in the following:

### I.      Causes of Action Against Gonzalez

32.     Allstate assigned Gonzalez to adjust this claim.  Hernandez was improperly trained and performed an outcome oriented and unreasonable investigation of Plaintiff's damages.  Gonzalez did not properly assess all damages caused by the Storm and omitted covered damages from the report including the full extent of damage to the roof.  Gonzalez refused to fully compensate Plaintiff for the full amount Plaintiff is entitled under the Policy.   The outcome oriented investigation of Plaintiff's claim resulted in a biased evaluation of Plaintiff's damages to the Property and the estimated damages were severely underestimated.

### A.      Noncompliance with Texas Insurance Code:  Unfair Settlement Practices

33.     Defendant Gonzalez's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE § 541.060(a).  All violations under this article are made actionable by TEX. INS. CODE § 541.151.

34.     Defendant Gonzalez is individually liable for his unfair and deceptive acts, irrespective of the fact Gonzalez was acting on behalf of Allstate, because Gonzalez is a "person" as defined by

7

TEX. INS. CODE § 541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster or life and health insurance counselor." TEX. INS. CODE § 541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W. 2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

35.     Defendants' misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages; (2) stating that Plaintiff's damages were less severe than they in fact were; (3) using their own statements about the non-severity of the damages as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiff received. Defendant Gonzalez's unfair settlement practices, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060 (a)(1).

36.     Defendant Gonzalez's unfair settlement practices, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(2)(A).

8

37.     Defendant Gonzalez failed to explain to Plaintiff the reasons for the offer or offers of an inadequate settlement. Specifically, Defendant Gonzalez failed to offer Plaintiff adequate compensation without any explanation as to why full payment was not being made. Furthermore, Defendant Gonzalez did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor was there any explanation for the failure as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(3).

38.     Defendant Gonzalez's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(4).

39.     Defendant Gonzalez did not properly inspect the Property and failed to account for and/or undervalued Plaintiff's roof damage, although reported by Plaintiff to Allstate. Defendant Gonzalez's unfair settlement practices, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition, and an unfair and deceptive act or practice in the business of insurance.   TEX. INS. CODE § 541.060(a)(7).

**II.    Causes of Action Against Allstate**

40.    Allstate intentionally breached its contract with Plaintiff, intentionally violated the Texas

Insurance Code and intentionally breached the common law duty of good faith and fair dealing.

**A.    Breach of Contract**

41.    Allstate breached the contract of insurance it had with Plaintiff.  Allstate breached the

contract by its failure/and or refusal to adequately pay the claim as it is obligated to do under the

terms of the Policy in question and under the laws in the State of Texas.

**B.    Noncompliance with Texas Insurance Code:  Unfair Settlement Practices**

42.    Defendant Allstate's conduct constitutes multiple violations of the Texas Insurance Code,

Unfair Settlement Practices. TEX. INS. CODE § 541.060(a).  All violations under this article were

made actionable by TEX. INS. CODE § 541.151.

43.    Defendant Allstate's unfair settlement practice, as described above, of misrepresenting to

Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition

and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §

5410.060(a)(1).

44.    Defendant Allstate's unfair settlement practice, as described above, of failing to attempt in

good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Allstate's

liability under the Policy was reasonably clear, constitutes an unfair method of competition and an

unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §

541.060(a)(2)(A).

45.    Defendant Allstate's unfair settlement practice, as described above, of failing to promptly

provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or

10

applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method

of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS.

CODE § 541.060(a)(3).

46.     Defendant Allstate's unfair settlement practices, as described above, of failing within a

reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of

rights to Plaintiff, constitutes an unfair method of compensation and an unfair and deceptive act or

practice in the business of insurance. TEX. INS. CODE § 541.060(a)(4).

47.     Defendant Allstate's unfair settlement practice, as described above, of refusing to pay

Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of

competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS.

CODE § 541.060(a)(7).

      **C.**    **Noncompliance with Texas Insurance Code:   Prompt Payment of Claims**
             **Statute**

48.     Plaintiff is entitled to 18% interest and attorney fees under TEX. INS. CODE §542.060 for

violating the Texas Insurance Code, Prompt Payment of claims TEX. INS. CODE §542.051 *et. seq.*

49.     Allstate failed to acknowledge receipt of Plaintiff's claim, commence investigation of the

claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would

be required within the applicable time constraints under TEX. INS. CODE §542.055.

50.     Allstate failed to notify Plaintiff in writing of its acceptance or rejection of the claim within

applicable time constraints under TEX. INS. CODE §542.056.

51.     Allstate delayed the payment of Plaintiff's claim following its receipt of all items,

statements, and forms reasonably requested and required, longer than the amount of time provided

for under TEX. INS. CODE §542.058.

11

    **D.**    **Breach of the Duty of Good Faith and Fair Dealing**

52.    Allstate breached the duty of good faith and fair dealing by failing to adequately and reasonably investigate and evaluate Plaintiff's claim while it knew or should have known, by the exercise of reasonable diligence, that its liability was reasonably clear.

    **E.**    **Knowledge**

53.    Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code.

**DAMAGES**

54.    Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

55.    The damages caused by the hail storm and/or windstorm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendants' mishandling of Plaintiff's claim in violation of the laws set forth above.

56.    For breach of contract, Plaintiff are entitled to regain the benefit of their bargain, which is the amount of his claim, together with attorney's fees.

57.    For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff ask for three times their actual damages. TEX. INS. CODE § 541.152.

58.    For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of the claim, as well as 18% (eighteen percent) interest per annum on the

12

amount of such claim as damages, together with attorney's fees. TEX. INS. CODE § 542.060.

59.     For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional stress.

60.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

61.     Plaintiff hereby demands a trial by jury and tender the appropriate fee.

## DISCOVERY REQUESTS

62.     Pursuant to Texas Rules of Civil Procedure 194, Plaintiff requests that each Defendant disclose, within 30 days of service of this request, the information or materials described in Texas Rule of Civil Procedure 194.2(a)-(l).

63.     Defendants are requested to respond to the attached interrogatories and requests for production within fifty (50) days.

13

## PRAYER

64.     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this court site Defendants

to appear and answer herein and that Plaintiff has judgment taken against Defendants and recovers

from Defendants all damages allowed by law, and that Plaintiff be awarded attorneys' fees for trial

and any appeal of this case, for pre-judgment and post judgment interest as allowed by law, costs

of court, and such other and further relief, both general and special, at law or in equity, to which

Plaintiff is justly entitled.


Respectfully submitted,


THE POTTS LAW FIRM, LLP


By:     /s/ Matthew J. Worrall
        **Matthew J. Worrall**
        SBN: 24070883
        **William H. Barfield**
        SBN: 24031725
        **Andrew A. Woellner**
        SBN: 24060850
        3737 Buffalo Speedway, Suite 1900
        Houston, Texas 77098
        Telephone (713) 963-8881
        Facsimile (713) 574-2938
        Emails: mworrall@potts-law.com
                wbarfield@potts-law.com
                awoellner@potts-law.com

        **ATTORNEYS FOR PLAINTIFF**

14

# Exhibit A-2

THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

AMALGAMATED TRANSIT UNION §
LOCAL 1338, §
§
        Plaintiff, §
§
v. §            CIVIL ACTION NO. 3:17-cv-02599
§
THE TRAVELERS INDEMNITY §
COMPANY OF CONNECTICUT AND §
JOHN P. GAY, §
§
        Defendants. §

## INDEX OF DOCUMENTS FILED IN STATE COURT ACTION

Exhibit A-2-a   Docket Sheet in the State Court Action

Exhibit A-2-b   Plaintiff's Original Petition
                Filed:  August 11, 2017

Exhibit A-2-c   Case Filing Cover Sheet
                Filed:  August 11, 2017

Exhibit A-2-d   Request for Service
                Filed:  August 14, 2017

Exhibit A-2-e   Record of Citation served on Defendant The Travelers Indemnity
                Company of Connecticut by Certified Mail No. 9214 8901 0661
                5400 0111 4048 23
                Served:  August 23, 2017
                Filed:  August 25, 2017

Exhibit A-2-f   Record of Citation served on Defendant John P. Gay by Certified
                Mail No. 9214 8901 0661 5400 0111 4050 66
                Served:  August 25, 2017
                Filed:  August 28, 2017

Exhibit A-2-g   Defendants' Original Answer and Affirmative Defense to Plaintiff's
                Original Petition
                Filed:  September 18, 2017

Exhibit A-2-h   Defendants' First Amended Answer and Affirmative Defense to
                Plaintiff's Original Petition
                Filed:  September 22, 2017

# Exhibit A-2-a

## Case Information

DC-17-09901 | AMALGAMATED TRANSIT UNION LOCAL 1338 vs. THE
TRAVELERS INDEMNITY COMPANY OF CONNETICUT, et al

| | | |
|---|---|---|
| Case Number<br>DC-17-09901 | Court<br>44th District Court | Judicial Officer<br>GOLDSTEIN,<br>BONNIE LEE |
| File Date<br>08/11/2017 | Case Type<br>OTHER (CIVIL) | Case Status<br>OPEN |

## Party

**PLAINTIFF**
AMALGAMATED TRANSIT UNION LOCAL 1338

Address
1111 EMPIRE CENTRAL PLACE
DALLAS TX 75247

Active Attorneys ▾
Lead Attorney
WOELLNER,
ANDREW A
Retained

Work Phone
713-963-8881 📞 Ⓢ

Fax Phone
713-583-5388 📞 Ⓢ

**DEFENDANT**
THE TRAVELERS INDEMNITY COMPANY OF
CONNETICUT

Address
BY SERVING REGISTERED AGENT
CORPORATION SERVICE COMPANY
211 EAST 7TH STREET SUITE 620
AUSTIN TX 78701-3218

Active Attorneys ▾
Lead Attorney
GIBBS, JENNIFER
L.
Retained

Work Phone
214-742-3000 📞 Ⓢ

Fax Phone
214-760-8994 📞 Ⓢ

**DEFENDANT**
GAY, JOHN P

Active Attorneys ▾
Lead Attorney

Case 3:17-cv-02599-C   Document 1-3   Filed 09/22/17   Page 132 of 207   PageID 146

Address
1510 ABDINGTON PSY
IRVING TX 75062-7430

GIBBS, JENNIFER
Retained

Work Phone
214-742-3000

Fax Phone
214-760-8994

## Events and Hearings

08/11/2017 NEW CASE FILED (OCA) - CIVIL

08/11/2017 ORIGINAL PETITION ▾

Original Petition

Amalgamated - Civil Case Info Sheet.pdf

08/11/2017 JURY DEMAND

08/14/2017 REQUEST FOR SERVICE ▾

REQUEST FOR PROCESS.pdf

08/14/2017 ISSUE CITATION ▾

ISSUE CITATION

ISSUE CITATION

   Comment
   SEE CLERK NOTE FOR CONFIRMATION

08/18/2017 CITATION ▾

Anticipated Server
CERTIFIED MAIL

Anticipated Method
Actual Server
CERTIFIED MAIL

Returned

Anticipated Server

Anticipated Method
Actual Server
CERTIFIED MAIL

Returned
08/28/2017
Comment
CERT MAIL / BH

08/25/2017 RETURN OF SERVICE ▼

RETURN OF SERVICE

Comment
CITATION: THE TRAVERLERS INDEMINITY COMPANY OF
CONNETICUT

08/28/2017 RETURN OF SERVICE ▼

RETURN OF SERVICE

Comment
CITATION SERVED JOHN P. GAY

09/18/2017 ORIGINAL ANSWER - GENERAL DENIAL ▼

Amalgamated Transit Union - efile Defendants' Answer and Affirmative
Defenses 4820-8974-2671 v.1.pdf

Comment
DEFENDANTS

09/18/2017 NOTE - CLERKS ▼

Comment
ANSWER SUBITTED

09/22/2017 AMENDED ANSWER - AMENDED GENERAL DENIAL ▼

Amalgamated Transit Union - efile Defendants' First Amended Answer
and Affirmative Defenses.pdf

Comment
DEFENDANTS 1ST

**Financial**

AMALGAMATED TRANSIT UNION LOCAL 1338

| | | | | |
|---|---|---|---|---|
| Total Financial Assessment | | | | $565.00 |
| Total Payments and Credits | | | | $565.00 |
| 8/14/2017 | Transaction Assessment | | | $549.00 |
| 8/14/2017 | CREDIT CARD - TEXFILE (DC) | Receipt # 51462-2017-DCLK | AMALGAMATED TRANSIT UNION LOCAL 1338 | ($549.00) |
| 8/17/2017 | Transaction Assessment | | | $16.00 |
| 8/17/2017 | CREDIT CARD - TEXFILE (DC) | Receipt # 52738-2017-DCLK | AMALGAMATED TRANSIT UNION LOCAL 1338 | ($16.00) |

## Documents

Original Petition

Amalgamated - Civil Case Info Sheet.pdf

REQUEST FOR PROCESS.pdf

ISSUE CITATION

ISSUE CITATION

RETURN OF SERVICE

RETURN OF SERVICE

Amalgamated Transit Union - efile Defendants' Answer and Affirmative Defenses 4820-8974-2671 v.1.pdf

Amalgamated Transit Union - efile Defendants' First Amended Answer and Affirmative Defenses.pdf

# Exhibit A-2-b

FILED
DALLAS COUNTY
8/11/2017 5:08 PM
FELICIA PITRE
DISTRICT CLERK

Marissa Pittman

2-CIT CERT MAIL

Cause No. DC-17-09901

| | | |
|---|---|---|
| AMALGAMATED TRANSIT UNION LOCAL 1338 | § § § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| v. | § § | DALLAS COUNTY, TEXAS |
| | § | |
| THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT AND JOHN P. GAY, | § § § | _____ JUDICIAL DISTRICT |
| *Defendants.* | § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Amalgamated Transit Union Local 1338, Plaintiff (hereinafter referred to as "Plaintiff"), and files this Original Petition against Defendant, The Travelers Indemnity Company of Connecticut (hereinafter referred to as "Travelers"), and Defendant, John P. Gay, (hereinafter referred to as "Gay")(collectively, "Defendants"), and respectfully would show this court as follows:

### PARTIES

1.    Plaintiff, Amalgamated Transit Union Local 1338, is a Texas corporation with its principal place of business at 1111 Empire Central Place, Dallas, Texas 75247.

2.    Defendant, Travelers, is an insurance company that engaged in the business of insurance in the State of Texas at all times material to this action. This defendant may be served by serving its Registered Agent for service of process: Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218, via certified mail, return receipt requested.

1

3. The Defendant, Gay, is an individual residing in and domiciled in the State of Texas. This defendant may be served at: 1510 Addington St., Irving, TX 75062-7430, via certified mail, return receipt requested.

## DISCOVERY LEVEL

4. Plaintiff intends for discovery to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

## JURISDICTION

5.    The Court has jurisdiction over this controversy because the damages are within the jurisdictional limits of this court. Plaintiff is seeking monetary relief over $200,000 but not more than $1,000,000. Plaintiff reserves the right to amend this petition during and/or after the discovery process.

6.    The Court has jurisdiction over Defendant, Travelers, because this defendant engaged in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of defendant's business activities in the State of Texas.

7.    The Court has jurisdiction over Defendant, Gay, because this defendant engaged in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of defendant's business activities in the State of Texas.

## VENUE

8.    Venue is proper in Dallas County, Texas, because the insured property is situated in Dallas County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

9.     Plaintiff is the owner of a property insurance policy ("the Policy") number I-660-641X6053-TCT-15 issued by Travelers.

10.     Plaintiff owns the insured property located at 1111 Empire Central Place, Dallas, Dallas County, Texas 75247 (hereinafter referred to as "the Property"). Travelers sold the Policy insuring the Property to Plaintiff.

11.     On or about October 26, 2015, a hail storm and/or windstorm struck Dallas County, Texas, causing severe damage to homes and businesses throughout the region ("the Storm"), including the Property. The Storm damaged the Property extensively, causing damage to Plaintiff's roof and interior. Specifically, the hail caused damage to the commercial roof field and roofing components, leaving golf-ball-sized dents and damage throughout. The damage was so severe that Plaintiff's entire roof is in need of replacement.

12.     Immediately after the Storm, Plaintiff submitted a claim to Travelers for the damage the Property sustained as a result of the Storm. Plaintiff requested that Travelers cover the cost of repairs, including but not limited to, replacement of the roof pursuant to the Policy.

13.     Defendant Travelers assigned Gay as the individual adjuster ("the adjuster") on the claim. The adjuster conducted a substandard inspection of Plaintiff's Property evidenced by the adjuster's report, which failed to recognize Plaintiff's storm damages. Mr. Gay also failed to reasonably explain the claim to the insured in the amount of time required by the Texas Insurance Code.

14.     Travelers and its personnel failed to thoroughly review and properly supervise the work of their assigned adjusters, which ultimately led to the approving an improper adjustment

3

and an inadequate and unfair settlement of Plaintiff's claim. As a result of Defendants' wrongful acts and omissions set forth above and further described herein, Plaintiff was wrongfully denied on the claim and has suffered damages.

15. Together, Defendants set about to deny and/or underpay on properly covered damages. Defendants failed to provide coverage for the damages sustained by Plaintiff, thereby denying adequate and sufficient payment on Plaintiff's claim. As a result of Defendants' unreasonable investigation, Plaintiff's claim was improperly adjusted, and Plaintiff was wrongfully denied on the claim and has suffered damages. The mishandling of Plaintiff's claim has also caused a delay in Plaintiff's ability to fully repair the Property, which has resulted in additional damages. To this date, Plaintiff has yet to receive the full payment that it is entitled to under the Policy.

16. As detailed in the paragraphs below, Travelers wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

17. To date, Travelers continues to delay in the payment for the damages to the Property. As such, Plaintiff has not been paid in full for the damages to the Property.

18. Defendant Travelers failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, they refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Travelers' conduct constitutes a breach of the insurance contract between Travelers and Plaintiff.

4

19.   Defendants misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code § 541.060(a)(1).

20.   Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code § 541.0060(a)(2)(A).

21.   Defendants failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code § 541.060(a)(3).

22.   Defendants failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code § 541.060(a)(4).

23.   Defendants refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants

5

performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's claim on the Property. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(7).

24.     Defendants Travelers failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim. Travelers' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.055.

25.     Defendant Travelers failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Travelers' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.056.

26.     Defendants Travelers failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for the claim. Travelers' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.058.

27.     From and after the time Plaintiff's claim was presented to Defendants Travelers, the liability of Travelers to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Travelers has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full

6

payment. Travelers' conduct constitutes a breach of the common law duty of good faith and fair dealing.

28.    Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

29.    As a result of Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing it with respect to these causes of action.

30.    Plaintiff's experience is not an isolated case. The acts and omissions committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Travelers with regard to handling these types of claims. Travelers' entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## CAUSES OF ACTION

31.    Each of the foregoing paragraphs is incorporated by reference in the following:

### I.    Causes of Action Against Gay

32.    Travelers assigned Gay to adjust this claim. Gay was improperly trained and performed an outcome oriented and unreasonable investigation of Plaintiff's damages. Gay did not properly assess all damages caused by the Storm and omitted covered damages from the report including the full extent of damage to the roof. Gay refused to fully compensate Plaintiff for the full amount Plaintiff is entitled under the Policy and failed to reasonably explain the claim determination within the time proscribed by the Texas Insurance Code. The outcome-oriented investigation of

7

Plaintiff's claim resulted in a biased evaluation of Plaintiff's damages to the Property and the estimated damages were severely underestimated.

**A.    Noncompliance with Texas Insurance Code: Unfair Settlement Practices**

33.    Defendant Gay's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a). All violations under this article are made actionable by TEX. INS. CODE § 541.151.

34.    Defendant Gay is individually liable for his unfair and deceptive acts, irrespective of the fact Gay was acting on behalf of Travelers, because Gay is a "person" as defined by TEX. INS. CODE § 541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster or life and health insurance counselor." TEX. INS. CODE § 541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W. 2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

35.    Defendants' misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages; (2) stating that Plaintiff's damages were less severe than they in fact were; (3) using their own statements about the non-severity of the damages as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiff received. Defendant Gay's unfair settlement practices, as described above,

8

of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060 (a)(1).

36.     Defendant Gay's unfair settlement practices, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitute an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(2)(A).

37.     Defendant Gay failed to explain to Plaintiff the reasons for the offer or offers of an inadequate settlement. Specifically, Defendant Gay failed to offer Plaintiff adequate compensation without any explanation as to why full payment was not being made. Furthermore, Defendant Gay did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor was there any explanation for the failure as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim. Defendant Gay's unfair settlement practices, as described above, constitute an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(3).

38.     Defendant Gay's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(4).

39.     Defendant Gay did not properly inspect the Property and failed to account for and/or

undervalued Plaintiff's roof damage, although reported by Plaintiff to Travelers.  Defendant Gay's

unfair settlement practices, as described above, of refusing to pay Plaintiff's claim without

conducting a reasonable investigation, constitutes an unfair method of competition, and an unfair

and deceptive act or practice in the business of insurance.  TEX. INS. CODE § 541.060(a)(7).

**II.     Causes of Action Against Travelers**

40.     Travelers, as the insurer of Plaintiff's Policy, intentionally breached the contract with

Plaintiff, intentionally violated the Texas Insurance Code, and intentionally breached the common

law duty of good faith and fair dealing.

**A.     Breach of Contract**

41.     Travelers breached the contract of insurance it had with Plaintiff.  Travelers breached the

contract by its failure/and or refusal to adequately pay the claim as it is obligated to do under the

terms of the Policy in question and under the laws in the State of Texas.

**B.     Noncompliance with Texas Insurance Code:  Unfair Settlement Practices**

42.     Travelers' conduct constitutes multiple violations of the Texas Insurance Code, Unfair

Settlement Practices.  TEX. INS. CODE § 541.060(a).  All violations under this article were made

actionable by TEX. INS. CODE § 541.151.

43.     Travelers' unfair settlement practice, as described above, of misrepresenting to Plaintiff

material facts relating to the coverage at issue, constitutes an unfair method of competition and an

unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE § 5410.060(a)(1).

44.     Travelers' unfair settlement practice, as described above, of failing to attempt in good faith

to effectuate a prompt, fair, and equitable settlement of the claim, even though Insurer Defendants'

liability under the Policy was reasonably clear, constitutes an unfair method of competition and an

unfair and deceptive act or practice in the business of insurance.   TEX. INS. CODE §
541.060(a)(2)(A).

45.     Travelers' unfair settlement practice, as described above, of failing to promptly provide
Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or
applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method
of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS.
CODE § 541.060(a)(3).

46.     Travelers' unfair settlement practices, as described above, of failing within a reasonable
time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to
Plaintiff, constitutes an unfair method of compensation and an unfair and deceptive act or practice
in the business of insurance. TEX. INS. CODE § 541.060(a)(4).

47.     Travelers' unfair settlement practice, as described above, of refusing to pay Plaintiff's
claim without conducting a reasonable investigation, constitutes an unfair method of competition
and an unfair and deceptive act or practice in the business of insurance.   TEX. INS. CODE §
541.060(a)(7).

   C.     Noncompliance with Texas Insurance Code:   Prompt Payment of Claims
          Statute

48.     Plaintiff is entitled to 18% interest and attorney fees under TEX. INS. CODE §542.060 for
violating the Texas Insurance Code, Prompt Payment of claims TEX. INS. CODE §542.051 *et. seq*.

49.     Travelers failed to acknowledge receipt of Plaintiff's claim, commence investigation of the
claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would
be required within the applicable time constraints under TEX. INS. CODE §542.055.

50.     Travelers failed to notify Plaintiff in writing of its acceptance or rejection of the claim

11

within applicable time constraints under TEX. INS. CODE §542.056.

51.     Travelers delayed the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for under TEX. INS. CODE §542.058.

####     D.     Breach of the Duty of Good Faith and Fair Dealing

52.     Travelers breached the duty of good faith and fair dealing by failing to adequately and reasonably investigate and evaluate Plaintiff's claim while it knew or should have known, by the exercise of reasonable diligence, that its liability was reasonably clear.

####     E.     Knowledge

53.     Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code.

## DAMAGES

54.     Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

55.     The damages caused by the hail storm and/or windstorm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff.  These damages are a direct result of Defendants' mishandling of Plaintiff's claim in violation of the laws set forth above.

56.     For breach of contract, Plaintiff is entitled to regain the benefit of its bargain, which is the amount of its claim, together with attorney's fees.

57.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid

12

pursuant to the Policy, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times their actual damages. TEX. INS. CODE § 541.152.

58.    For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of the claim, as well as 18% (eighteen percent) interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE § 542.060.

59.    For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional stress.

60.    For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas

## JURY DEMAND

61.    Plaintiff hereby demands a trial by jury and tenders the appropriate fee.

## DISCOVERY REQUESTS

62.    Pursuant to Texas Rules of Civil Procedure 194, Plaintiff requests that each Defendant disclose, within 50 days of service of this request, the information or materials described in Texas Rule of Civil.Procedure 194.2(a)-(l).

63.    Defendants are requested to respond to the attached interrogatories and requests for production within fifty (50) days.

13

## PRAYER

64.     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this court cite Defendants

to appear and answer herein and that Plaintiff has judgment taken against Defendants and recovers

from Defendants all damages allowed by law, and that Plaintiff be awarded attorneys' fees for trial

and any appeal of this case, for pre-judgment and post judgment interest as allowed by law, costs

of court, and such other and further relief, both general and special, at law or in equity, to which

Plaintiff is justly entitled.

Respectfully submitted,

THE POTTS LAW FIRM, LLP

By:     /s/ Andrew A. Woellner
        **Andrew A. Woellner**
        SBN: 24060850
        3737 Buffalo Speedway, Suite 1900
        Houston, Texas 77098
        Telephone (713) 963-8881
        Facsimile (713) 574-2938
        Email: awoellner@potts-law.com

**ATTORNEYS FOR PLAINTIFF**

14

## PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION

COMES NOW Plaintiff, in the above-styled and numbered cause, and requests that Defendant(s) answer the following Interrogatories and Requests for Production separately and fully in writing pursuant to the Texas Rules of Civil Procedure within 50 days of service. Serve answers to the requests on Plaintiff by and through his/her attorney of record.

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions shall apply to these Interrogatories and Requests for Production:

1.   "You", "your", and "defendant" shall mean the Defendant the interrogatories and requests for production are addressed to in this case, and shall include past or present directors, officers, representatives, employees, agents, guardians, attorneys, or any other person or persons acting or purporting to act on your behalf, whether authorized to do so or not.

2.   "Any" includes the word "all" and "all" includes the word "any".

3.   The term "person" or "persons" shall mean all individuals and entities, including, but not limited to, natural persons, firms, partnerships, associations, organizations, divisions, joint ventures, corporations, trusts, reciprocal or interinsurance exchange, Lloyd's plan, fraternal benefit society, agent, governmental entities, domestic or foreign, unincorporated associations, or any other form of business, governmental, public or charitable entity.

4.   Unless otherwise established by the context, the plural shall be construed to include the singular and the singular the plural, wherever the effect of doing so is to increase the information in your responses.

5.   The terms "relate to", "relating to", "refer to", and "referring to" shall be construed to include any connection, direct or indirect, whatsoever with the requested documentation, person, or subject matter, without limitation unless specifically indicated.

6.   "Identify" or give the "identity of" means:

   i.   In the case of a person, to state such person's
      (1)   full name;
      (2)   last known home and business address and home and business telephone number;
      (3)   employer or business affiliation; and
      (4)   occupation and business position held.

15

     ii.    In the case of a <u>document</u>, to state:
- (1)    the identity of the person or persons preparing it and the sender;
- (2)    its title or a description of the general nature of the subject matter;
- (3)    the identity of the addressee(s), if any;
- (4)    its date or dates of preparation;
- (5)    its date or dates and manner of distribution and publication, if any;
- (6)    the location of each copy and the identity of its present custodian;
- (7)    the type of document; and
- (8)    all characteristics by which that document might be distinguished from any other document.

     iii.    In the case of a communication in the form of an <u>oral statement</u>, to state:
- (1)    the identity of the person uttering the oral statement;
- (2)    the place at which such oral statement was uttered;
- (3)    the date on which such oral statement was uttered;
- (4)    the identity of each person in whose presence or hearing such oral statement was uttered; and
- (5)    the substances of the oral statement.

7.    "Evidencing" or "evidences" shall mean constituting, proving, reflecting, indicating, or probative of the existence or nature of any fact, allegation, or given matter.

8.    "Fact" refers to all evidentiary facts presently known to you and all evidentiary facts the existence of which is presently inferred by you from the existence of any combination of evidentiary and/or ultimate facts.

9.    "Policy" refers to the policy of insurance in effect on the date that the loss made the basis of this lawsuit occurred.

10.    "Property" refers to the building, dwelling, other structures, and personal property covered by the Policy, as defined above, made the basis of this lawsuit.

11.    "Lawsuit" shall mean the litigation, the style, court and cause number which is found in the caption to this instrument.

12.    "Document" shall include but not be limited to all handwritten, stenographic, typed, written, or printed writings and papers of every kind, kept, maintained, or received by plaintiff or your attorney, including, but not limited to, contracts, invoices, letters, telegrams, e-mails, memoranda, reports, studies, books, records, calendar or diary entries, pamphlets, notes, charts, tabulations, records (including tape recordings or transcriptions thereof) of meetings, conferences, and telephone or other conversations or communications, ledgers, financial statements, photostats, microfilm, photographs, slides, motion pictures, video tapes, tape and disc recordings on software programs, including reproduction of copies of documents which are not identical duplicates of the original, and also including any reproduction or copies of documents of which the originals are

16

not in the possession, custody or control of Defendant. This definition includes all copies, reproductions, or facsimiles of documents by whatever means made and all documents for which privilege is claimed. If copies of a document are not identical by reason of handwritten notations, identification marks, or any other modifications, each such non-identical copy is a separate document within the meaning of this definition.

11.     "Incident", "accident", and/or "occurrence", and/or "collision" shall mean and refer to that certain incident which is described in more detail in Plaintiff's Original Petition currently on file herein.

12.     A person has knowledge of relevant facts when he has or may have knowledge of any discoverable matter. The information need not be admissible and personal knowledge is not required. Identification of a person with knowledge of relevant facts should include a current address and telephone number.

13.     When responding to any of the following Interrogatories, the Defendant is to identify to the fullest extent possible, any document which the Defendant know or suspects had once existed.

Respectfully submitted,

THE POTTS LAW FIRM, LLP

By:     /s/ Andrew A. Woellner
        **Andrew A. Woellner**
        SBN: 24060850
        3737 Buffalo Speedway, Suite 1900
        Houston, Texas 77098
        Telephone (713) 963-8881
        Facsimile (713) 574-2938
        Email: awoellner@potts-law.com

**ATTORNEYS FOR PLAINTIFF**

17

## CERTIFICATE OF SERVICE

I hereby certify that I sent a true and correct copy of the attached discovery requests to Defendant(s) as an attachment to the petition.  Therefore, Defendant(s) would have received it when it was served with the citation.


THE POTTS LAW FIRM, LLP


/s/ Andrew A. Woellner
**Andrew A. Woellner**

18

## INTERROGATORIES TO TRAVELERS INDEMNITY COMPANY OF CONNECTICUT

1. Identify the name, job title, dates of employment and a brief description for all persons providing information for the answers to these interrogatories.

   **ANSWER**

2. Identify all persons and entities who handled the claim made the basis of the Lawsuit on behalf of Defendant.

   **ANSWER**

3. Identify the name and job title of each person who inspected the Property made the basis of this Lawsuit and the date of the inspection.

   **ANSWER**

4. State the date Defendant closed Plaintiff's claim and to the extent Defendant asserts statute of limitations as a defense, state all dates and manners in which Defendant notified Plaintiff(s)

   **ANSWER**

5. Does Defendant contend that Plaintiff(s) failed to provide proper notice of the claim made the basis of this Lawsuit under the Policy or Texas Insurance Code, and, if so, describe how notice was deficient and the resulting prejudice, if any.

   **ANSWER**

6. At the time the claim made the basis of this Lawsuit was investigated and inspected, describe all damage attributable to the storm observed at the Property by Defendant, or persons or entities on behalf of Defendant.

   **ANSWER**

7. Please identify all documents and information requested from Plaintiff at the time the claim made the basis of this Lawsuit was investigated, stating the date and manner in which the request was made, and identify the requested documents Defendant claims Plaintiff failed to provide upon Defendant's request.

   **ANSWER**

19

8. If you contend Plaintiff's damages claimed in this lawsuit are from a prior insurance claim or prior unrepaired damage, please list all prior claims on the property made in the last ten years, including claim number, date of loss, type of loss, and payments, if any.

**ANSWER**

9. Describe Defendant's method of determining whether overhead and profit ("O&P") should be applied to the claim made the basis of this Lawsuit, and whether Defendant has a policy or procedure in place regarding the method of determining O&P.

**ANSWER**

10. List all exclusions under the Policy applied to the claim made the basis of this Lawsuit, and for each exclusion identified, state the factual basis that Defendant relies upon to apply that exclusion.

**ANSWER**

11. Identify all items on the claim made the basis of this Lawsuit that Defendant applied depreciation, stating for each item the method for calculating the depreciation and the age of the item.

**ANSWER**

12. State whether Defendant applied depreciation to labor and removal of the roof in the claim made the basis of this lawsuit, identifying the basis for that depreciation and the applicable policy section.

**ANSWER**

13. State whether sales tax was paid by Defendant on all materials and/or labor and the method of calculation.

**ANSWER**

14. State the Date Defendant first anticipated litigation.

**ANSWER**

15. State whether the estimate(s) prepared for the claim made the basis this Lawsuit by Defendant, or on Defendant's behalf, failed to identify any storm related damage at the Property. If so, identify each item of damage.

**ANSWER**

20

16. Identify all underwriting reports in Defendant's possession or control for the Property.

**ANSWER**

17. State whether the estimate(s) prepared for the claim made the basis of this lawsuit wrongly included or excluded any item or payment and describe each item or payment by stating whether it should have been included or excluded from the estimate.

**ANSWER**

18. Identify the amount of attorneys' fees incurred by Defendant to date and in connection with this amount state:
    a. The activities and work performed from the inception of the representation of Defendant through Present.
    b. The amount of time spent on each of the activities performed from the inception of the representation through Present.
    c. The name and hourly rate charged by each of the attorneys representing Defendant in this case from the inception of the representation until Present; and the date in which the representation of Plaintiff began by each attorney.

**ANSWER**

19. What is your compensation arrangement with your expert witness in this case?

**ANSWER**

20. Describe the work performed by your expert witnesses in this case, including a description of the work, the time the work took to complete, the name of the person who completed the work, the date of the work and the rate charged or applied to the work.

**ANSWER**

21. State every basis, in fact and based on the terms of the policy, for defendant's denial or partial denial and/or recommendation of denial or partial denial of Plaintiff's claim(s)

**ANSWER**

22. If you contend that the Policy is void for any reason, state the factual basis for that contention.

**ANSWER**

21

## REQUEST FOR PRODUCTION TO TRAVELERS INDEMNITY COMPANY OF CONNECTCUT

1.  The following insurance documents issued for the Properties as identified in the Petition:

    a.  the policy at issue for the date of loss as identified in the Petition; and

    b.  the policy declarations page for the 3 years preceding the storm.

RESPONSE:


2.  Produce underwriting files and documents relating to the underwriting for all insurance policies for the Properties identified in the Petition. This request is limited to the past 3 years. To the extent Defendant contends that the underwriting file or documents older than 3 years impact the damages or coverage, produce that underwriting file or document.

RESPONSE:


3.  All documents relating to the condition or damages of the Properties or any insurance claim on the Properties identified in the Petition.

RESPONSE:


4.  All documents relating to any real property insurance claims made by Plaintiff at the insured premises that are the basis of this Lawsuit or business interruption, loss of income and/or business loss claims made by the Plaintiff(s). This request is limited to the past 3 years. To the extent Defendant contends that documents older than 3 years impact the damages or coverage, produce that document.

RESPONSE:


5.  All requests for information to any third party about the Properties, the Plaintiff(s), or the claims made the basis of this Lawsuit.

RESPONSE:


22

6.   All documents used to instruct, advise, guide, inform, educate, or assist provided to any person handling the claim made the basis of this Lawsuit that related to the adjustment of this type of claim, i.e., hail property damage, business interruption, loss of income and/or business loss.

RESPONSE:


7.   All documents obtained from any person(s) or entity(ies) and governmental agencies on behalf of Defendant or by Defendant relating to the Plaintiff(s), the Properties, the Policy, or the claims made the basis of this Lawsuit. This request includes all documents obtained by way of deposition on written questions.

RESPONSE:


8.   All documents received (prior to litigation) directly or indirectly from Plaintiff(s) or created by Plaintiff(s) related to the Properties made the basis of this Lawsuit. This request is limited to the past 5 years. To the extent Defendant contends that any document older than 5 years impact the damages or coverage, produce that document.

RESPONSE:


9.   Produce a copy of all price lists used to prepare any estimates for the claim made the basis of this Lawsuit. To the extent the pricelist is an unmodified pricelist from a third party, You can reference the vendor and version of the pricelist with a stipulation that it is unmodified.

RESPONSE:


10.  To the extent Defendant created or altered any prices used in the preparation of an estimate in the claim made the basis of this Lawsuit, produce all documents related to the creation or alteration of the price, including the original price for that item and the factual bases for the creation or alteration.

RESPONSE:


23

11.    A complete copy of the personnel file related to performance (excluding medical and retirement information) for all people and their managers and/or supervisors who directly handled the claim made the basis of this Lawsuit, including all documents relating to applications for employment, former and current resumes, last known address, job title, job descriptions, reviews, evaluations, and all drafts or versions of requested documents. This request is limited to the past 5 years.

RESPONSE:

12.    All organizational charts, diagrams, lists, and/or documents reflecting each department, Division or section of Defendant's company to which the claim made the basis of this Lawsuit was assigned.

RESPONSE:

13.    All Texas insurance licenses and/or certifications in effect that the time of the claims arising out of the storm made the basis of plaintiff's claim for all persons who worked on the claim made the basis of this Lawsuit, including any document relating to the application, issuance or review of those licenses and/or certifications.

RESPONSE:

14.    If an engineer and/or engineering firm evaluated the Properties, produce all reports written at the request of Defendant by that engineer or engineering firm within the last 3 years. This request is limited to the extent that the engineer and/or engineering firm was used during claims handling.

RESPONSE:

15.    Produce all documents showing amounts billed and paid to any engineer and/or engineering firm identified in response to Request for Production No. 14 above within the last 3 years. A summary is acceptable in lieu of actual invoices or payments.

RESPONSE:

24

16.     All documents reflecting the pre-anticipation of litigation reserve(s) set on the claim made the basis of this Lawsuit, including any changes to the reserve(s) along with any supporting documentation.

RESPONSE:


17.     All documents relating to issues of honesty, criminal actions. past criminal record, criminal conduct, fraud investigation and/or inappropriate behavior which resulted in disciplinary action by Defendant of any person(s) or entity(ies) who handled the claim made the basis of this Lawsuit, the Plaintiff(s) or any person assisting on the claim made the basis of this Lawsuit.

RESPONSE:


18.     All documents relating to work performance, claims patterns, claims problems, commendations, claims trends, claims recognitions, and/or concerns for any person who handled the claim made the basis of this Lawsuit.

RESPONSE:


19.     All XactAnalysis reports that include this claim in any way, this Policy, the amount paid on this Policy and/or referencing any person who handled the claim made the basis of this Lawsuit.

RESPONSE:


20.     Any email or document that transmits, discusses, or analyzes any report produced in response to Request for Production No. 19 above.

RESPONSE:


21.     All Simsol Management reports that include this claim in any way, this Policy, the amount paid on this Policy and/or referencing any person who handled the claim made the basis of this Lawsuit.

RESPONSE:

25

22.     Any email or document that transmits, discusses, or analyzes any report produced in response to Request for Production No. 21 above.

RESPONSE:


23.     For any consulting expert whose mental impressions or opinions have been reviewed by a testifying expert, all documents or tangible things that have been provided to, reviewed by, or prepared for any testifying expert.

RESPONSE:


24.     Pursuant to Texas Rule of Evidence 609(1), provide all documents evidencing conviction of a crime which You intend to use as evidence to impeach any party or witness.

RESPONSE:


25      All indemnity agreements in effect at the time of Plaintiff's claim between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit.

RESPONSE:


26.     All contracts in effect at the time of Plaintiff's claim between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit.

RESPONSE:


27.     All confidentiality agreements and/or instructions regarding confidentiality in effect at the time of Plaintiff's claim between Defendant and any person(s) and/or entity(ies) who the claim made the basis of the Lawsuit.

RESPONSE:

28.    All documents between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit regarding document retention policy in effect at the time of Plaintiff's claim.

RESPONSE:


29.    To the extent the claim involves rescinding of the policy, all documents regarding Defendant's standards for investigating and rescinding and/or voiding a policy.

RESPONSE:


30.    If a claim for business interruption, loss or income and/or business loss is asserted, all documents used to instruct, advise, guide, inform, educate, or assist provided to any person or defendant(s) in calculating and/or evaluating any extra expenses incurred during the period of business interruption loss of income and/or business loss covered under Plaintiff's policy. This request is limited to the last 3 years.

RESPONSE:


31.    If a claim for business interruption, loss of income and/or business loss is asserted, all documents prepared by any third party used to evaluate Plaintiff's claim(s) regarding, in any way, the investigation of business interruption, loss of income and/or business loss claims.

RESPONSE:

32.    All claims handling manuals and/or guidelines that were in effect during Travelers's investigation of Plaintiff's claim. This request is limited to manuals or guidelines related to wind/hail claims, First Party claims, and/or structural business claims.

RESPONSE:


27

## INTERROGATORIES TO DEFENDANT JOHN P. GAY

1.　Identify all email accounts, email addresses, and/or any alias or code used to identify You and used for any communication relating to Your work handling hail and/or windstorm claims arising out of the storm at issue. This request is limited only to the carrier of the claim that is the subject of this Lawsuit.

RESPONSE:

2.　Identify generally the training or experience You had in adjusting hail and/or windstorm damage and any specific training You had for this storm prior to Your handling of claim made the basis of this Lawsuit.

RESPONSE:

3.　Identify any degrees, Texas insurance licenses (unless You qualified for adjusting claims in Texas on an emergency basis, then list any insurance licenses You held from other states) or certifications You had at the time You handled the claim made the basis of this Lawsuit.

RESPONSE:

4.　Explain how You are compensated and by whom for Your work on claims arising out of the storm at issue in this Lawsuit, stating the amount You were compensated per claim, per day, and/or per week and identifying any bonus or incentive plans. To the extent the produced personnel file includes a compensation schedule, You may refer to such personnel file.

RESPONSE:

5.　Identify the following dates:

　　a.　The date You first obtained an adjuster license in the State of Texas;

　　b.　The first date You were hired/retained by the insurance company defendant or any other defendant in this Lawsuit to adjust property damage claims;

　　c.　The date You were first assigned to handle claims arising from the storm at issue in this Lawsuit;

　　d.　The date You closed Your file on the claim made the basis of this Lawsuit; and

RESPONSE:

6.　Describe in detail each inspection You conducted of the Properties made the basis of this Lawsuit, identifying:

28

    a.    The name and job title of any person who inspected the Properties with You;

    b.    The date of each inspection;

    c.    The purpose of each inspection;

    d.    The length of time of each inspection;

    e.    The equipment or tools used during each inspection;

    f.    The areas of the Properties inspected (i.e. roof, attic, individual rooms, exterior); and

    g.    Any documents generated during or as a result of each inspection, including the persons and/or entities in possession of those documents.

RESPONSE:

7.    Following the inspection(s), did You engage in any additional communications (e.g., telephone, in person. written communication) with Plaintiff? If yes, provide the following information:

    a.    the date of such communication(s);

    b.    the manner of such communication(s);

    c.    the person to whom You communicated;

    d.    the reason for the communication(s);

    e.    for any telephonic communication(s), identify who initiated the phone call, and the telephone number from which You called or on which You received the call; and

    f.    the general substance of the communication.

RESPONSE:

29

8. Identify and describe all damage You observed during Your inspection(s) of the claim made the basis of this Lawsuit. To the extent the damage You observed during Your inspection is reflected in scope notes and photographs, You can refer Plaintiff to such scope notes and/or photographs.

RESPONSE:

9. For all damage observed at the Properties or reflected in Your scope notes and/or photographs, state what Your believe to be the cause of the damage, describing the investigatory steps You took to determine the cause, and identify all person(s) and/or entity(ies) that provided information or participated in that determination.

RESPONSE:

10. To the extent You applied or recommended policy exclusions, identify all exclusions under the Policy applied to the claim made the basis of this Lawsuit, and for each exclusion applied or recommended, state the factual reason(s) that the exclusion was applied or recommended.

RESPONSE:

11. Identify the information You used to determine and how You calculated the amount of depreciation that You applied to any damage categories included in any estimates You prepared and/or approved on the claim made the basis of this Lawsuit.

RESPONSE:

12. How did You determine whether You would or would not apply overhead and profit (O&P) to Plaintiff's claim?

RESPONSE:

13. Identify all documents that You relied upon in the adjustment of the claim made the basis of this Lawsuit. For each document, identify who provided the document.

RESPONSE:

30

14.     Identify all documents or information You requested from Plaintiff during the investigation of the claim made the basis of this Lawsuit, the date the request was made, the person who communicated the request, and the agent and/or employee of Plaintiff who received the request.

RESPONSE:

15.     Identify all documents or items in Your possession related to the claim made the basis of this Lawsuit that You did not submit to the insurance company and/or adjusting company assigned to this claim.

RESPONSE:

16.     To the extent You are aware, identify all documents or items that were altered, revised, changed or removed from the documents or information You provided the insurance company or adjusting company relating to the claim made the basis of this Lawsuit.

RESPONSE:

17.     Identify and describe any training, guidance or instruction provided to You by any person and/or entity regarding the handling of claims arising out of the storm at issue in this Lawsuit.

RESPONSE:

31

## REQUESTS FOR PRODUCTION TO DEFENDANT JOHN P. GAY

1.    All documents related to Plaintiff, the Properties, the Policy, and/or the claim made the basis of this Lawsuit.

RESPONSE:

2.    All licenses or certifications that are identified in response to Interrogatory Number 3.

RESPONSE:

3.    All training documents You have for adjusting hail and/or windstorm claims. This request is limited to the past 2 years.

RESPONSE:

4.    All applications You submitted (or submitted on Your behalf) for purposes of obtaining a license to adjust claims in the State of Texas that were in effect at the time you investigated Plaintiff's claim.

RESPONSE:

5.    All resumes for the last 5 years.

RESPONSE:

6.    All applications for employment You submitted for purposes of obtaining employment as an adjuster and/or claims handler in the State of Texas. This request is limited to the 5 years preceding the date of loss at issue in this Lawsuit.

RESPONSE:

32

7.   All documents You relied upon in the adjustment of the claim made the basis of this Lawsuit.

RESPONSE:

8.   To the extent You made a determination or recommendation regarding depreciation, all documents relating to the application of depreciation on a commercial property claim in the State of Texas for the past 2 years.

RESPONSE:

9.   To the extent You made a determination or recommendation regarding overhead and profit, all documents relating to the application of overhead and profit on a commercial property claim in the State of Texas for the past 2 years.

RESPONSE:

10.   All documents or items in Your possession related to the claim made the basis of this Lawsuit that You did not submit to the insurance company and/or adjusting company assigned to this claim.

RESPONSE:

11.   All documents meant to instruct, advise, or guide the handling or adjusting hail and/or windstorm claims in the State of Texas for the last 2 years.

RESPONSE:

12.   All training manuals in effect at the time of Plaintiff's claim used for software programs utilized in the claim made the basis of this Lawsuit.

RESPONSE:

33

13.	All documents relating to any performance reviews or evaluations by the carrier of the underlying claim, whether formal or informal, regarding Your handling of claims arising out of the storm at issue in this Lawsuit.

RESPONSE:


14.	All documents relating to any Texas Department of Insurance complaints made against You by an insured related to claims arising out of the storm at issue in this Lawsuit.

RESPONSE:


15.	All contracts, indemnity agreements, and/or confidentiality agreements between You and the adjusting company and/or insurance company in effect during the handling of claims arising out of the storm at issue in this Lawsuit.

RESPONSE:


16.	All price lists used by You in handling claims arising out of the storm at issue in this Lawsuit. To the extent the pricelist is an unmodified pricelist from a third party, You can reference the vendor and version of the pricelist with a stipulation that it is unmodified.

RESPONSE:


17.	All weather reports regarding wind and/or hail relied upon by You in handling claims arising out of the storm at issue in this Lawsuit.

RESPONSE:


18.	All correspondence to or from the adjusting company and/or the insurance company that issued the policy regarding modifying/modifications to the unit price cost and the price list You used in handling Plaintiff's claim.

RESPONSE:


34

19.   If a claim for business interruption, loss of income and/or business loss is asserted, all documents used to instruct, advise, guide, inform, educate, or assist provided to any person or defendant(s) in calculating and/or evaluating business interruption, loss of income and/or business loss damages covered under Plaintiff's policy. This request is limited to the last 3 years.

RESPONSE:


20.   If a claim for business interruption, loss of income and/or business loss is asserted, all documents used to instruct, advise, guide, inform, educate, or assist provided to any person or defendant(s) in calculating and/or evaluating any extra expenses incurred during the period of business interruption, loss of income and/or business loss covered under Plaintiff's policy. This request is limited to the last 3 years.

RESPONSE:


21.   If a claim for business interruption, loss of income and/or business loss is asserted, all documents prepared by any third party used to evaluate Plaintiff's claim(s) in the last 3 years regarding, in any way, the investigation of business interruption, loss of income and/or business loss claims.

RESPONSE:

35



FIRST CLASS

UNITED STATES POSTAGE
$ 11.990
02 1P
0220110851
QUOTE 18221 2017
MAILED FROM ZIP CODE 75202

FELICIA PITRE
DISTRICT CLERK
600 COMMERCE STREET
DALLAS, TEXAS 75202-4606

CERTIFIED MAIL

9214 8901 0661 5400 0111 4048 23

FELICIA PITRE:
DISTRICT COURT CLERK
GEORGE ALLEN SR COURT BLDG
600 COMMERCE ST STE 103
DALLAS, TX 75202-4666

RETURN RECEIPT (ELECTRONIC)

Document Production

DC-17-09010PR0IBH

THE TRAVELERS INDEMNITY COMPANY OF CONNETICUT
BY SERVING REGISTERED AGENT CORPORATION SERVICE
COMPANY
211 E 7TH ST STE 620
AUSTIN, TX 78701-3218

SHOW TO WHOM
DELIVERED, Date &
Addressee's
Address

Deliver to
Addressee
ONLY

# Exhibit A-2-c

## CIVIL CASE INFORMATION SHEET

DC-17-09901

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____   COURT *(FOR CLERK USE ONLY)*: _____

STYLED   Amalgamated Transit Union Local 1338  v.  The Travelers Indemnity Company of Connecticut and John P. Gay
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| **Name:**<br>Andrew A. Woellner | **Email:**<br>awoellner@potts-law.com | **Plaintiff(s)/Petitioner(s):**<br><br>Amalgamated Transit Union Local 1338 | ☐ Attorney for Plaintiff/Petitioner<br>☐ *Pro Se* Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: _____ |
| **Address:**<br>3737 Buffalo Speedway, Ste. 1900 | **Telephone:**<br>(713) 963-8881 | | **Additional Parties in Child Support Case:** |
| **City/State/Zip:**<br>Houston, TX 77098 | **Fax:**<br>(713) 904-3876 | **Defendant(s)/Respondent(s):**<br><br>The Travelers Indemnity Company of<br><br>Connecticut and John P. Gay | **Custodial Parent:**<br><br>**Non-Custodial Parent:** |
| **Signature:**<br>*(signature)* | **State Bar No:**<br>24060850 | [Attach additional page as necessary to list all parties] | **Presumed Father:** |

**2. Indicate case type, or identify the most important issue in the case *(select only 1)*:**

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Action (non-Title IV-D)** |
| *Debt/Contract*<br>☐ Consumer/DTPA<br>☐ Debt/Contract<br>☐ Fraud/Misrepresentation<br>☐ Other Debt/Contract:<br>*Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☒ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract: | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br>☐ Accounting<br>☐ Legal<br>☐ Medical<br>☐ Other Professional<br>    Liability:<br><br>☐ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br>☐ Asbestos/Silica<br>☐ Other Product Liability<br>    List Product:<br><br>☐ Other Injury or Damage: | ☐ Eminent Domain/<br>   Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property: | ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br>☐ With Children<br>☐ No Children | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other<br>**Title IV-D**<br>☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order |
| | | **Related to Criminal Matters** | **Other Family Law** | **Parent-Child Relationship** |
| | | ☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus—<br>   Pre-indictment<br>☐ Other: _____ | ☐ Enforce Foreign<br>   Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities<br>   of Minority<br>☐ Other: _____ | ☐ Adoption/Adoption with<br>   Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Parentage/Paternity<br>☐ Termination of Parental<br>   Rights<br>☐ Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☐ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment: | ☐ Administrative Appeal<br>☐ Antitrust/Unfair<br>   Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other: _____ | | |

| Tax | Probate & Mental Health | |
|---|---|---|
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | *Probate/Wills/Intestate Administration*<br>☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: _____ |

**3. Indicate procedure or remedy, if applicable *(may select more than 1)*:**

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court<br>☐ Arbitration-related<br>☐ Attachment<br>☐ Bill of Review<br>☐ Certiorari<br>☐ Class Action | ☐ Declaratory Judgment<br>☐ Garnishment<br>☐ Interpleader<br>☐ License<br>☐ Mandamus<br>☐ Post-judgment | ☐ Prejudgment Remedy<br>☐ Protective Order<br>☐ Receiver<br>☐ Sequestration<br>☐ Temporary Restraining Order/Injunction<br>☐ Turnover |

**4. Indicate damages sought *(do not select if it is a family law case)*:**

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100,000 but not more than $200,000
☒ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

# Exhibit A-2-d

FILED
DALLAS COUNTY
9/14/2017 5:33 PM
FELICIA PITRE
DISTRICT CLERK

Crystal McDowell

# REQUEST FOR PROCESS

Request the following process:

**CITATION**

1. **The Travelers Indemnity Company of Connecticut**

   By its Registered Agent:

   Corporation Service Company

   211 East 7th Street, Ste. 620

   Austin, TX 78701-3218

   **CERTIFIED MAIL**


2. **John P. Gay**

   Served at:

   1510 Addington Street

   Irving, TX 75062-7430

   **CERTIFIED MAIL**

# Exhibit A-2-e

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

CERT MAIL
CITATION

DC-17-09901

AMALGAMATED TRANSIT UNION
LOCAL 1338
vs.
THE TRAVELERS INDEMNITY
COMPANY OF CONNETICUT, et al

To:

THE TRAVELERS INDEMNITY COMPANY OF CONNETICUT
BY SERVING REGISTERED AGENT CORPORATION SERVICE COMPANY
211 EAST 7TH STREET SUITE 620
AUSTIN TX 78701-3218

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **44th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **AMALGAMATED TRANSIT UNION LOCAL 1338**

Filed in said Court **11th day of August, 2017** against

**THE TRAVELERS INDEMNITY COMPANY OF CONNETICUT AND JOHN P GAY**

For Suit, said suit being numbered <u>DC-17-09901</u>, the nature of which demand is as follows:
Suit on **OTHER (CIVIL)**, etc. as shown on said petition **REQUEST FOR PRODUCTION,**
**INTERROGATORIES,** a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 18th day of August, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By: _Belinda Hernandez_, Deputy
    BELINDA HERNANDEZ

ISSUED THIS
18th day of August, 2017

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: BELINDA HERNANDEZ, Deputy

**Attorney for Plaintiff**
ANDREW A WOELLNER
700 LOUISIANA STREET
SUITE 2600
HOUSTON TX 77002
713-963-8881



OFFICER'S RETURN

Case No. : DC-17-09901

Court No.44th District Court

Style: AMALGAMATED TRANSIT UNION LOCAL 1338

vs.

THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, et al

Came to hand on the ___18th___ day of ___August___ , 20 ___17___

within the County of _____ at ___9:10___ o'clock ___A___.M. on the ___23rd___ day of ___August___

20 ___17___ by delivering to the within named The Travelers Indemnity Company of Connecticut

by serving it's registered agent corporation service company by Chris Saizan

mail return receipt received and signed by Chris Saizan

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by

me in serving such process was _____ miles and my fees are as follows:  To certify which witness my hand.

Executed at ___Austin Tx 78701-3218___

___2116 7th St. Ste 620___

| | | |
|---|---|---|
| For serving Citation | $ 76.00 | Chris Saizan |
| For mileage | $ | _____ of _____ County. |
| For Notary | $ | By _____ Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____

_____ before me this _____ day of _____ , 20 _____

to certify which witness my hand and seal of office.

_____
Notary Public _____ County

**FELICIA PITRE**
DISTRICT CLERK
600 COMMERCE STREET
DALLAS, TEXAS 75202-4606

FILED

17 AUG 25  AM 11: 54

FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS

_____ DEPUTY

**UNITED STATES**
**POSTAL SERVICE**

Date: August 23, 2017

MAIL MAIL:

The following is in response to your August 23, 2017 request for delivery information on
your Certified Mail™/RRE item number 92148901066154000111404823.  The delivery
record shows that this item was delivered on August 23, 2017 at 9:10 am in AUSTIN, TX
78744. The scanned image of the recipient information is provided below.

Signature of Recipient :

Delivery Section

*Chris Saizan*

Address of Recipient :

*2 11  E.  7th  # 620*

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal
representative.

Sincerely,
United States Postal Service

The customer reference information shown below is not validated or endorsed by the
United States Postal Service.  It is solely for customer use.

Reference ID: 92148901066154000111404823
DC-17-09901/DPRO/BH
THE TRAVELERS INDEMNITY COMPANY OF CONNETICUT
BY SERVING REGISTERED AGENT CORPORATION SERVICE
COMPANY
211 E 7th St Ste 620
Austin, TX  78701-3218



FELICIA PITRE
DISTRICT CLERK
GEORGE ALLEN SR COURT BLDG
600 COMMERCE ST STE 103
DALLAS, TX 75202-4689

9214 8901 0661 5400 0111 4048 23

**RETURN RECEIPT (ELECTRONIC)**

**DC-17-09901/DPRO/BH**
THE TRAVELERS INDEMNITY COMPANY OF CONNETICUT
BY SERVING REGISTERED AGENT CORPORATION SERVICE
COMPANY
211 E 7TH ST STE 620
**AUSTIN, TX 78701-3218**

················································· CUT / FOLD HERE ·················································

6"X9" ENVELOPE
CUT / FOLD HERE

················································· CUT / FOLD HERE ·················································

IMpbCertified8x5Label v2017.04.26.92

# Exhibit A-2-f

FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:

**JOHN P GAY**
**1510 ADDINGTON ST**
**IRVING TX 75062-7430**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **44th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **AMALGAMATED TRANSIT UNION LOCAL 1338**

Filed in said Court **11th day of August, 2017** against

**THE TRAVELERS INDEMNITY COMPANY OF CONNETICUT AND JOHN P GAY**

For Suit, said suit being numbered **DC-17-09901**, the nature of which demand is as follows;
Suit on **OTHER (CIVIL)** etc. as shown on said petition **REQUEST FOR PRODUCTION,**
**INTERROGATORIES,** a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 18th day of August, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By: _Belinda Hernandez_ Deputy
BELINDA HERNANDEZ



---

CERT MAIL

CITATION

DC-17-09901

AMALGAMATED TRANSIT UNION
LOCAL 1338
vs.
THE TRAVELERS INDEMNITY
COMPANY OF CONNETICUT, et al

ISSUED THIS
18th day of August, 2017

By: BELINDA HERNANDEZ, Deputy

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

**Attorney for Plaintiff**
ANDREW A WOELLNER
700 LOUISIANA STREET
SUITE 2600
HOUSTON TX 77002
713-963-8881

DALLAS COUNTY CONSTABLE

FEES
PAID

FEES NOT
PAID

**OFFICER'S RETURN**

Case No.: DC-17-09901

Court No.44th District Court

Style: AMALGAMATED TRANSIT UNION LOCAL 1338

vs.

THE TRAVELERS INDEMNITY COMPANY OF CONNETICUT, et al

Came to hand on the ___13th___ day of ___August___, 20 ___17___, at ___12:43___ o'clock ___P___ .M. Executed at ___Irving   TX 75 0L02-7430___

within the County of _____ at ___12:42___ o'clock ___p___ .M. on the ___25th___ day of ___August___

20 ___17___ by delivering to the within named

___John  Gay  P.  by  US  certified  mail  restricted  delivery___

___return  receipt  received  by  John  Gay  P.___

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by

me in serving such process was _____ miles and my fees are as follows: To certify which witness my hand.

| | |
|---|---|
| For serving Citation | $ 76.00 |
| For mileage | $ |
| For Notary | $ |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____

_____ before me this _____ day of _____, 20 _____

___John  Gay  P.___

of _____ County,

By ___Belinda Adrienne___ Deputy

Notary Public

to certify which witness my hand and seal of office.

**FILED**
17 AUG 28 PM 1:05

FELICIA PITRE
DISTRICT CLERK
DALLAS, TEXAS
_____ DEPUTY

**FELICIA PITRE**
DISTRICT CLERK
600 COMMERCE STREET
DALLAS, TEXAS 75202-4606

1510  Addington  St.
Irving  TX 75 0L02-7430

**UNITED STATES**
**POSTAL SERVICE.**

Date: August 25, 2017

MAIL MAIL:

The following is in response to your August 25, 2017 request for delivery information on your Certified Mail™/RRE item number 92148901066154000111405066.  The delivery record shows that this item was delivered on August 25, 2017 at 12:42 pm in IRVING, TX 75038. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,
United States Postal Service

The customer reference information shown below is not validated or endorsed by the United States Postal Service.  It is solely for customer use.

Reference ID: 92148901066154000111405066
DC-17-09901/DPRO/BH
JOHN P GAY
1510 Addington St
Irving, TX 75062-7430

N/A



FELICIA PITRE
DISTRICT CLERK
GEORGE ALLEN SR COURT BLDG
600 COMMERCE ST STE 103
DALLAS, TX 75202-4689

9214 8901 0661 5400 0111 4050 66

**RETURN RECEIPT (ELECTRONIC)**

DC-17-09901/DPRO/BH

JOHN P GAY
1510 ADDINGTON ST
IRVING, TX 75062-7430

................................................ CUT / FOLD HERE ................................................

................................................ 6"X9" ENVELOPE
CUT / FOLD HERE ................................................

................................................ CUT / FOLD HERE ................................................

# Exhibit A-2-g

FILED
DALLAS COUNTY
9/18/2017 8:16 AM
FELICIA PITRE
DISTRICT CLERK

CAUSE NO. DC-17-09901

| | | |
|---|---|---|
| AMALGAMATED TRANSIT UNION LOCAL 1338, | § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § | |
| v. | § § | DALLAS COUNTY, TEXAS |
| TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA AND JOHN P. GAY, | § § § § | |
| Defendant. | § § | 44TH JUDICIAL DISTRICT |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL PETITION

Defendants Travelers Casualty Insurance Company of America ("Travelers") and John P. Gay ("Gay") file the following Answer and Affirmative Defenses to Plaintiff's Original Petition and state:

## I.
## GENERAL DENIAL

1.      Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants Travelers and Gay (collectively, "Defendants") generally deny each and every allegation contained in Plaintiff's Original Petition and demand strict proof thereof. By this general denial, Defendants demand that Plaintiff prove every fact in support of its claims for breach of contract, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and violations of the duty of good faith and fair dealing by a preponderance of the evidence. By this general denial, Defendants further demand that Plaintiff prove every fact in support of its exemplary damages claim(s) by clear and convincing evidence.

## II.
## SPECIAL DENIAL

2.      Defendants specifically deny that Plaintiff has satisfied all conditions precedent to the recovery it seeks in this lawsuit. For example, Plaintiff failed to provide Defendants timely written notice of Plaintiff's statutory claims in this matter as expressly required by Section 541.54 of the Texas Insurance Code and Section 17.505 of the Texas Business and Commerce Code, thereby precluding Plaintiff from prevailing on any such claims. Plaintiff also failed to properly present his claim for attorneys' fees under Section 38.001 of the Texas Civil Practice and Remedies Code, thereby precluding Plaintiff's recovery of any such fees in this action. Plaintiff's claims are barred, in whole or in part, by his failure to satisfy these (and other) conditions precedent to the recovery he seeks in this action.

3.      Discovery in this matter is ongoing and Defendants reserve the right to assert that Plaintiff has failed to meet other conditions precedent required under Texas statute, Texas law, and/or Travelers Policy No. 1-660-641X6053-TCT-15 ("Policy"), with effective dates of coverage from July 24, 2015 to July 24, 2016.

## III.
## AFFIRMATIVE DEFENSES

4.      Pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendants sets forth the following affirmative defenses to the allegations in Plaintiff's Original Petition:

        a.      Plaintiff's claims are barred, in whole or in part, on the basis that Plaintiff's Original Petition fails to state a claim against Defendants upon which relief can be granted

        b.      Plaintiff's claims are subject to all of the terms, conditions, limitations, exclusions, and deductibles set forth in the Policy.

c.      Plaintiff's claims are barred, in whole or in part, to the extent the physical loss or damage claimed by Plaintiff did not occur during the Policy's period of coverage (as required by the Policy).

d.      Plaintiff's claims are barred, in whole or in part, to the extent the physical loss or damage claimed by Plaintiff was not caused by (or did not result from) a Covered Cause of Loss or Covered Causes of Loss (as required by and defined in the Policy).

e.      Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff seeks coverage under the Policy for physical loss or damage to property other than Covered Property (as defined in the Policy).

f.      Plaintiff's claims are subject to the Policy's Windstorm or Hail Percentage Deductible.

g.      Plaintiff's claims are barred, in whole or in part, to the extent the physical loss or damage claimed by Plaintiff was caused by or resulted from settling, cracking, shrinking, bulging or expansion.

h.      Plaintiff's claims are barred, in whole in part, to the extent any interior physical loss or damage to the interior of any building or structure was caused by rain (whether driven by wind or not), but the building or structure did not first sustain damage by a Covered Cause of Loss (as defined in the Policy) to its roof or walls through which the rain entered.

i.      Plaintiff's claims are barred, in whole or in part, by the Policy's exclusion(s) regarding wear and tear, rust, corrosion, decay, deterioration, latent defect, or any quality in property that caused it to damage or destroy itself.

      j.     Plaintiff's claims are barred, in whole or in part, by the Policy's exclusion(s) regarding faulty, inadequate or defective: design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction; materials used in repair, construction, renovation or remodeling; or maintenance.

      k.     Plaintiff's claims are barred, in whole or in part, by the Policy's exclusion(s) and/or limitation(s) for loss or damage caused by or resulting from fungus, wet rot, or dry rot.

      l.     Plaintiff's claims are barred, in whole or in part, by the Policy's exclusion(s) for loss or damage caused by or resulting from continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor that occurs over a period of 14 days or more.

      m.     Plaintiff's claims are subject to the Policy's loss payment/valuation provision, which states (in part) that replacement cost coverage is only afforded if the Covered Property is actually repaired or replaced as soon as reasonably possible after the loss or damage occurs.

      n.     Plaintiff's claims are subject to the Policy's terms, conditions, and limitations for Ordinance or Law coverage, including (without limitation) the requirement that the Covered Property must be repaired, re-built or reconstructed before Plaintiff may recover under the Policy.

      o.     Plaintiff's claims are barred, in whole or in part, by Plaintiff's neglect to use all reasonable means to save and preserve the property from further damage at and after the time of loss.

p.      Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to take all reasonable steps to mitigate, minimize, or avoid the damages allegedly sustained and/or to protect the property from further damage. Plaintiff's recovery under the Policy and Texas law, if any, must be offset and reduced accordingly.

q.      Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged damages were caused, in whole or in part, by the negligent acts and/or omissions of Plaintiff.

r.      Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged damages were caused, in whole or in part, by the negligent acts and/or omissions of third parties over whom Defendants have and/or had no control.

s.      A bona fide controversy exists concerning the extent of Plaintiff's entitlement to benefits under the Policy. Travelers and/or its employees, agents, representatives, and adjusters are entitled to value claims differently from Plaintiff without facing extra-contractual liability. Travelers would show that a bona fide controversy exists regarding: (i) the existence and/or scope of any covered loss or damage; (ii) whether and to what extent any asserted loss or damage was the result of a covered occurrence or occurrences; (iii) the reasonable and necessary measures to repair any covered loss or damage; and (iv) the reasonable and necessary measures to repair any covered loss or damage.

t.      Plaintiff's claim for exemplary damages is unconstitutional and violates the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and of Article 1, Section 19 of the Texas Constitution for the following reasons: (a) the standards under which such claims are submitted are so vague as to be

effectively meaningless and threaten a deprivation of property for the benefit of society without the protection of fundamentally fair procedures; (b) the highly penal nature of exemplary damages threatens the possibility of excessive punishment and almost limitless liability without the benefit of fundamentally fair procedures or any statutory limitations; (c) the introduction of evidence of Defendants' financial worth is so prejudicial as to impose liability and punishment in a manner bearing no relation to the extent of any injury allegedly inflicted or to any benefit from any alleged wrongdoing and, therefore, any verdict would be the result of bias and prejudice in a fundamentally unfair manner.

u.      Plaintiff's claim for exemplary damages constitutes an unconstitutional excessive fine under Article 1, Section 13 of the Texas Constitution because such highly penal sanctions may be imposed for the benefit of society under standards so vague and effectively meaningless as to threaten unlimited punishment bearing no relation to the extent of any injury allegedly inflicted at the unbridled discretion of the jury.

v.      To the extent Plaintiff has asserted claims against Defendants under Texas Insurance Code Chapter 541, those claims are barred by Section 541.153, and this Court should award Defendants court costs and reasonable and necessary attorneys' fees because any such claims under the Texas Insurance Code are groundless and brought in bad faith or for the purpose of harassment.

5.      Defendants further reserve the right to assert additional affirmative defenses as this litigation proceeds.

## IV.
## RESERVATION OF RIGHTS

6.      By appearing and answering herein, Defendants do not waive, and expressly reserve, all rights and defenses that Defendants may have (or that may arise) under the Policy and/or applicable law. Nothing herein shall constitute or be deemed a waiver of, or an estoppel to assert, any of the rights and defenses that Defendants may have (or that may arise) under the Policies and/or applicable law.

## V.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants Travelers Casualty Insurance Company of America and John P. Gay pray that upon final judgment: (a) all relief requested by Plaintiff be denied; (b) all costs be taxed against Plaintiff; and (c) for such other and further relief to which Defendants may be justly entitled, whether at law or in equity.

Respectfully submitted,

ZELLE LLP

By:_____ /s/ Jennifer L. Gibbs_____
    James W. Holbrook, III
    Texas Bar No. 24032426
    jholbrook@zelle.com
    Jennifer L. Gibbs
    Texas Bar No. 24050656
    jgibbs@zelle.com
    Walter W. Cardwell IV
    wcardwell@zelle.com
    Texas Bar No. 24094419

901 Main Street, Suite 4000
Dallas, TX  75202-3975
Telephone:   241-742-3000
Facsimile:    214-760-8994

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Original Answer and Affirmative Defenses has been served on September 18, 2017 in accordance with the Texas Rules of Civil Procedure as follows:

Andrew A. Woellner
Texas Bar No. 24060850
awoellner@potts-law.com
THE POTTS LAW FIRM, PLLC
3737 Buffalo Speedway, Suite 1900
Houston, Texas 77098
Telephone: (713) 963-8881
Facsimile: (713) 574-2938
*Attorney for Plaintiff*

_____/s/ Jennifer L. Gibbs_____
Jennifer L. Gibbs

# Exhibit A-2-h

FILED
DALLAS COUNTY
9/22/2017 10:08 AM
FELICIA PITRE
DISTRICT CLERK

CAUSE NO. DC-17-09901

| | | |
|---|---|---|
| AMALGAMATED TRANSIT UNION LOCAL 1338, | § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § § | |
| v. | § § | DALLAS COUNTY, TEXAS |
| THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT AND JOHN P. GAY, | § § § § | |
| Defendant. | § § | 44TH JUDICIAL DISTRICT |

## DEFENDANTS' FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL PETITION

Defendants The Travelers Indemnity Company of Connecticut ("Travelers") and John P. Gay ("Gay") file the following First Amended Answer and Affirmative Defenses to Plaintiff's Original Petition and state:

### I.
### GENERAL DENIAL

1.      Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants Travelers and Gay (collectively, "Defendants") generally deny each and every allegation contained in Plaintiff's Original Petition and demand strict proof thereof. By this general denial, Defendants demand that Plaintiff prove every fact in support of its claims for breach of contract, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and violations of the duty of good faith and fair dealing by a preponderance of the evidence. By this general denial, Defendants further demand that Plaintiff prove every fact in support of its exemplary damages claim(s) by clear and convincing evidence.

## II.
## SPECIAL DENIAL

2.      Defendants specifically deny that Plaintiff has satisfied all conditions precedent to the recovery it seeks in this lawsuit. For example, Plaintiff failed to provide Defendants timely written notice of Plaintiff's statutory claims in this matter as expressly required by Section 541.54 of the Texas Insurance Code, thereby precluding Plaintiff from prevailing on any such claims. Plaintiff also failed to properly present its claim for attorneys' fees under Section 38.001 of the Texas Civil Practice and Remedies Code, thereby precluding Plaintiff's recovery of any such fees in this action. Plaintiff's claims are barred, in whole or in part, by its failure to satisfy these (and other) conditions precedent to the recovery it seeks in this action.

3.      Discovery in this matter is ongoing and Defendants reserve the right to assert that Plaintiff has failed to meet other conditions precedent required under Texas statute, Texas law, and/or Travelers Policy No. 1-660-641X6053-TCT-15 ("Policy"), with effective dates of coverage from July 24, 2015 to July 24, 2016.

## III.
## AFFIRMATIVE DEFENSES

4.      Pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendants sets forth the following affirmative defenses to the allegations in Plaintiff's Original Petition:

        a.      Plaintiff's claims are barred, in whole or in part, on the basis that Plaintiff's Original Petition fails to state a claim against Defendants upon which relief can be granted

        b.      Plaintiff's claims are subject to all of the terms, conditions, limitations, exclusions, and deductibles set forth in the Policy.

c.     Plaintiff's claims are barred, in whole or in part, to the extent the physical loss or damage claimed by Plaintiff did not occur during the Policy's period of coverage (as required by the Policy).

d.     Plaintiff's claims are barred, in whole or in part, to the extent the physical loss or damage claimed by Plaintiff was not caused by (or did not result from) a Covered Cause of Loss or Covered Causes of Loss (as required by and defined in the Policy).

e.     Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff seeks coverage under the Policy for physical loss or damage to property other than Covered Property (as defined in the Policy).

f.     Plaintiff's claims are subject to the Policy's Windstorm or Hail Percentage Deductible.

g.     Plaintiff's claims are barred, in whole or in part, to the extent the physical loss or damage claimed by Plaintiff was caused by or resulted from settling, cracking, shrinking, bulging, or expansion.

h.     Plaintiff's claims are barred, in whole in part, to the extent any interior physical loss or damage to the interior of any building or structure was caused by rain (whether driven by wind or not), but the building or structure did not first sustain damage by a Covered Cause of Loss (as defined in the Policy) to its roof or walls through which the rain entered.

i.     Plaintiff's claims are barred, in whole or in part, by the Policy's exclusion(s) regarding wear and tear, rust, corrosion, decay, deterioration, latent defect, or any quality in property that caused it to damage or destroy itself.

j.       Plaintiff's claims are barred, in whole or in part, by the Policy's exclusion(s) regarding faulty, inadequate or defective: design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction; materials used in repair, construction, renovation or remodeling; or maintenance.

k.       Plaintiff's claims are barred, in whole or in part, by the Policy's exclusion(s) and/or limitation(s) regarding loss or damage caused by or resulting from fungus, wet rot, or dry rot.

l.       Plaintiff's claims are barred, in whole or in part, by the Policy's exclusion(s) regarding loss or damage caused by or resulting from continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor that occurs over a period of 14 days or more.

m.       Plaintiff's claims are subject to the Policy's loss payment/valuation provision, which states (in part) that replacement cost coverage is only afforded if the Covered Property is actually repaired or replaced as soon as reasonably possible after the loss or damage occurs.

n.       Plaintiff's claims are subject to the Policy's terms, conditions, and limitations for Ordinance or Law coverage, including (without limitation) the requirement that the Covered Property must be repaired, re-built or reconstructed before Plaintiff may recover under the Policy.

o.       Plaintiff's claims are barred, in whole or in part, by Plaintiff's neglect to use all reasonable means to save and preserve the property from further damage at and after the time of loss.

p.      Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to take all reasonable steps to mitigate, minimize, or avoid the damages allegedly sustained and/or to protect the property from further damage. Plaintiff's recovery under the Policy and Texas law, if any, must be offset and reduced accordingly.

q.      Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged damages were caused, in whole or in part, by the negligent acts and/or omissions of Plaintiff.

r.      Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged damages were caused, in whole or in part, by the negligent acts and/or omissions of third parties over whom Defendants have and/or had no control.

s.      A bona fide controversy exists concerning the extent of Plaintiff's entitlement to benefits under the Policy. Travelers and/or its employees, agents, representatives, and adjusters are entitled to value claims differently from Plaintiff without facing extra-contractual liability. Travelers would show that a bona fide controversy exists regarding: (i) the existence and/or scope of any covered loss or damage; (ii) whether and to what extent any asserted loss or damage was the result of a covered occurrence or occurrences; (iii) the reasonable and necessary measures to repair any covered loss or damage; and (iv) the reasonable and necessary measures to repair any covered loss or damage.

t.      Plaintiff's claim for exemplary damages is unconstitutional and violates the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and of Article 1, Section 19 of the Texas Constitution for the following reasons: (a) the standards under which such claims are submitted are so vague as to be

effectively meaningless and threaten a deprivation of property for the benefit of society without the protection of fundamentally fair procedures; (b) the highly penal nature of exemplary damages threatens the possibility of excessive punishment and almost limitless liability without the benefit of fundamentally fair procedures or any statutory limitations; (c) the introduction of evidence of Defendants' financial worth is so prejudicial as to impose liability and punishment in a manner bearing no relation to the extent of any injury allegedly inflicted or to any benefit from any alleged wrongdoing and, therefore, any verdict would be the result of bias and prejudice in a fundamentally unfair manner.

u.      Plaintiff's claim for exemplary damages constitutes an unconstitutional excessive fine under Article 1, Section 13 of the Texas Constitution because such highly penal sanctions may be imposed for the benefit of society under standards so vague and effectively meaningless as to threaten unlimited punishment bearing no relation to the extent of any injury allegedly inflicted at the unbridled discretion of the jury.

v.      To the extent Plaintiff has asserted claims against Defendants under Texas Insurance Code Chapter 541, those claims are barred by Section 541.153, and this Court should award Defendants court costs and reasonable and necessary attorneys' fees because any such claims under the Texas Insurance Code are groundless and brought in bad faith or for the purpose of harassment.

5.      Defendants further reserve the right to assert additional affirmative defenses as this litigation proceeds.

## IV.
## RESERVATION OF RIGHTS

6.     By appearing and answering herein, Defendants do not waive, and expressly reserve, all rights and defenses that Defendants may have (or that may arise) under the Policy and/or applicable law. Nothing herein shall constitute or be deemed a waiver of, or an estoppel to assert, any of the rights and defenses that Defendants may have (or that may arise) under the Policy and/or applicable law.

## V.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants Travelers Indemnity Company of Connecticut and John P. Gay pray that upon final judgment: (a) all relief requested by Plaintiff be denied; (b) all costs be taxed against Plaintiff; and (c) for such other and further relief to which Defendants may be justly entitled, whether at law or in equity.

Respectfully submitted,

ZELLE LLP

By:_____ /s/ Jennifer L. Gibbs_____
    James W. Holbrook, III
    Texas Bar No. 24032426
    jholbrook@zelle.com
    Jennifer L. Gibbs
    Texas Bar No. 24050656
    jgibbs@zelle.com
    Walter W. Cardwell IV
    wcardwell@zelle.com
    Texas Bar No. 24094419

901 Main Street, Suite 4000
Dallas, TX  75202-3975
Telephone:    241-742-3000
Facsimile:    214-760-8994

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing First Amended Answer and Affirmative Defenses to Plaintiff's Original Petition has been served on September 22, 2017 in accordance with the Texas Rules of Civil Procedure as follows:

Andrew A. Woellner
Texas Bar No. 24060850
awoellner@potts-law.com
THE POTTS LAW FIRM, PLLC
3737 Buffalo Speedway, Suite 1900
Houston, Texas 77098
Telephone: (713) 963-8881
Facsimile: (713) 574-2938
*Attorney for Plaintiff*

/s/ Jennifer L. Gibbs
Jennifer L. Gibbs

# Exhibit A-3

THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AMALGAMATED TRANSIT UNION LOCAL 1338, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:17-cv-02599 |
| THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT AND JOHN P. GAY, | § § § § | |
| Defendants. | § § | |

**DEFENDANT THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT'S CERTIFICATE OF INTERESTED PERSONS AND RULE 7.1 DISCLOSURE STATEMENT**

Pursuant to Local Rule 81.1(a)(4)(D), Local Rule 3.1(c), and Rule 7.1 of the Federal Rules of Civil Procedure, Defendant The Travelers Indemnity Company of Connecticut submits its Certificate of Interested Persons and Rule 7.1 Disclosure Statement, which identifies with regard to all non-governmental corporate parties, any parent corporation or any publicly held corporation that owns 10% or more of its stock or states that there is no such corporation and which provides a complete list of all persons, associations of persons, firms, partnerships, corporations, guarantors, insurers, affiliates, parent or subsidiary corporations or other legal entities that are financially interested in the outcome of the case

**Certificate of Interested Persons**

1. <u>Plaintiff</u>:  Amalgamated Transit Union Local 1338

2. <u>Defendant</u>:  The Travelers Indemnity Company of Connecticut

3. <u>Defendant</u>:  John P. Gay

4. <u>Counsel for Plaintiff</u>:  Andrew A. Woellner of THE POTTS LAW FIRM, PLLC

---

5.   <u>Counsel for Defendants</u>:  James W. Holbrook, III, Jennifer L. Gibbs, and Walter W. Cardwell, IV of ZELLE LLP

### **Rule 7.1 Disclosure Statement**

The Travelers Indemnity Company of Connecticut is 100% owned by The Phoenix Insurance Company, which is 100% owned by The Travelers Indemnity Company, which is 100% owned by Travelers Insurance Group Holdings, Inc., which is 100% owned by Travelers Property Casualty Corp., which is 100% owned by The Travelers Companies, Inc. The Travelers Companies, Inc. is the only publicly held company in the corporate family. No individual or entity owns 10% or more of the stock of The Travelers Companies, Inc.


Respectfully submitted,


By: _/s/ James W. Holbrook, III_____
  James W. Holbrook, III
  Texas Bar No. 24032426
  jholbrook@zelle.com
  Jennifer L. Gibbs
  Texas Bar No. 24050656
  jgibbs@zelle.com
  Walter W. Cardwell IV
  wcardwell@zelle.com
  Texas Bar No. 24094419

**ZELLE LLP**
901 Main Street, Suite 4000
Dallas, TX  75202-3975
Telephone:  214-742-3000
Facsimile:  214-760-8994

**COUNSEL FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been served on September 22, 2017, in compliance with the Federal Rules of Civil Procedure by electronic service as follows:

Andrew A. Woellner
Texas Bar No. 24060850
awoellner@potts-law.com
THE POTTS LAW FIRM, PLLC
3737 Buffalo Speedway, Suite 1900
Houston, Texas 77098
Telephone: (713) 963-8881
Facsimile: (713) 574-2938
***Counsel for Plaintiff***

/s/ *James W. Holbrook, III*
James W. Holbrook, III